**SPENCER'S RIVER ROADS BOWLING LANES, INC., Plaintiff-Appellant,**

v.

**UNICO MANAGEMENT COMPANY, Defendant-Respondent.**

No. 42735.

Missouri Court of Appeals, Eastern District, Division Two.

April 21, 1981.

Kenneth J. Wideman, Clayton, for plaintiff-appellant.

Robert O. Hetlage and Richard P. Sher, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for defendant-respondent.

WEIER, Judge.

This appeal is from an order and judgment of the Circuit Court of St. Louis

County, Missouri, denying plaintiff's request for temporary injunction, dissolving a temporary restraining order previously entered by the court on November 22, 1979, and ordering the delivery of possession to defendant of certain premises used as a bowling lane and cocktail lounge. It also assessed damages arising out of plaintiff's regained possession of the premises under the authority of the temporary restraining order with attorney's fees and costs of the action. We affirm the judgment of the trial court.

Defendant Unico Management Company has raised the issue of the standing of plaintiff Spencer's River Roads Bowling Lanes, Inc., to bring the action upon which the temporary restraining order was issued contending that plaintiff was a stranger to the lease and did not have the right to question the validity of defendant's termination of the lease because of default in payment of rent. We turn to the resolution of this issue immediately for the reason that if plaintiff had no right or standing to contest the validity of defendant's action in obtaining possession of the leased premises, then plaintiff's contentions of error in denying plaintiff's petition for temporary injunction and dissolving the previously issued temporary restraining order are of no avail since the court, if correct on this issue, would be obliged to find in favor of the defendant. We consider the evidence.

A lease was entered into on the 7th day of February, 1961, between River Roads Properties, Inc., a Delaware corporation, as the lessor, and Spencer's Elmwood Plaza Bowling Lanes, Inc., a Wisconsin corporation, as the lessee. This lease governed the rights of the lessor and lessee with respect to occupancy of a basement space in the River Roads Shopping Center in the City of Jennings, Missouri, for the purpose of operating a bowling, billiard and pool table business together with the sale of liquor, food and other related items. The term was ten years. It required a payment of a guaranteed minimum annual rental based on a rate of $1.25 per square foot of area amounting to a total of $52,500 payable in advance in successive installments of $4,375 on the first day of each calendar month during the term. Additional rent would be paid when certain designated percentages of the gross receipts exceeded the minimum rent. No reference is made in the record to any claim for additional rent over the minimum, and it is assumed that this was not a problem in the controversy that arose between the parties.

On the same day that the lease was executed a document was executed by the parties where among other things it was stated in clause three:

"It is also understood that we [referring to lessee] may determine to substitute a Missouri corporation, now being formed, as the direct Lessee under the lease, in which event Spencer's Elmwood Plaza Bowling Lanes, Inc., a Wisconsin corporation, will guarantee performance of the Lessee's covenants under the said lease."

Although Spencer's River Roads Bowling Lanes, Inc., was incorporated in the State of Missouri in March 1962 and occupied the bowling and billiard portion of the premises, no substitution was ever made. In a subsequent amendment to the lease dated May 30, 1970, defendant Unico Management Company, owner of the premises, and Spencer's Elmwood Plaza Bowling Lanes, Inc., the lessee, agreed to change the ten-year renewal option into two separate five-year renewal options. No reference was made at that time to Spencer's River Roads Bowling Lanes, Inc., being the substituted lessee or even a sublessee.

A summary of rent payments indicated that from January 1, 1972, rent was never paid promptly on or before the first of each month as required by the lease. Finally in 1979, according to the evidence, the delinquency of the monthly minimum rental grew to four months' rent. Despite repeated calls to Mr. Spencer, president of lessee Spencer's Elmwood Plaza Bowling Lanes, Inc., such delinquency continued until under date of October 26, 1979, Unico Management Company mailed a registered letter to Spencer's Elmwood Plaza Bowling Lanes, Inc., notifying it that it was in default for failure to pay rent for July, August, September and October, 1979, totaling $17,500 which sum together with invoices for common area maintenance charges to-

taling $2,800 and service charges totaling $1,106, totaled the default of $21,406. The letter went on to inform lessee that unless the total amount was paid within ten days of the notice, lessor would have the right to terminate the lease as set forth in the lease itself. Thereafter on November 2 and 7 payments were forwarded in the sum $4,000 each, totaling $8,000. On November 13, 1979, the manager of the River Roads Shopping Center representing the lessor delivered a demand for possession of the premises to the manager in charge of the bowling alley in which the lessor demanded delivery of immediate possession of the space occupied by Spencer's Elmwood Plaza Bowling Lanes, Inc., pursuant to the terms of the lease dated February 7, 1961, because of default in the payment of rent. After the manager of the bowling alley communicated with Mr. Spencer, the keys to the premises were delivered to lessor's manager.

On November 21, 1979, plaintiff Spencer's River Roads Bowling Lanes, Inc., the Missouri corporation, filed a petition for temporary restraining order and injunction against Unico Management Company as defendant contending that the defendant unlawfully interfered with and obstructed the operation of the bowling alley. It further alleged that the landlord had improperly sought to invoke the remedy of common law forfeiture to terminate the leasehold of the plaintiff. A temporary restraining order was issued on November 28, 1979, conditioned upon plaintiff's posting bond. Possession of the premises was ordered delivered to plaintiff. Defendant was restrained from interfering in any manner with the lawful and orderly operation of the bowling lanes in the River Roads Shopping Center. Defendant's answer affirmatively pleaded that plaintiff was not the proper party to bring the suit.

■ We have reviewed the evidence and find nothing to indicate Spencer's River Roads Bowling Lanes, Inc., had been substituted as lessee in accordance with the option authorized in the paper executed contemporaneously with the lease. In fact the amendment to the lease changing the terms of the renewal option from ten years to two five-year terms was executed by Spencer's

Elmwood Plaza Bowling Lanes, Inc., the Wisconsin corporation, as the lessee. This amendment was signed on May 30, 1970, more than nine years after execution of the lease. All of the notices that were given with regard to delinquent rent were addressed to that company. There is no question but that the Missouri corporation who is the instant plaintiff could have been substituted as the lessee under the terms of the lease if the lessee Wisconsin corporation had so chosen. Although rentals were paid by Spencer's River Roads Bowling Lanes, Inc., and Alexanders, Inc., the operator of the cocktail lounge, no notice of substitution was given. No act on the part of the Wisconsin corporate lessee ever indicated that substitution had been made. No act of the lessor ever indicated it acknowledged the Missouri corporation as lessee. Absent a substitution the tenant under a lease is responsible for the rent. Even though lessee puts another in possession of the premises, it remains the holding of the lessee. *Bless v. Jenkins*, 129 Mo. 647, 31 S.W. 938, 941 (1895).

■ Under Supreme Court Rule 52.01 a civil action must be prosecuted in the name of the real party in interest. The purpose of this rule has been held to enable those who are interested in the subject matter of the suit and entitled to the benefits of the litigation to be those who maintain the action. And so to warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation. *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 706 [7, 8] (Mo.App. 1978). Standing does not relate to legal capacity to sue. This is a defense that may be waived unless it is timely asserted. Standing relates to the interest of an adversary in the subject of the suit so as to give that party the right to relief. It has been described as a matter "jurisdictional in limine" and so a court may take judicial notice thereof to dismiss the cause of action, even on appeal. *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909 [7] (Mo.App. 1978). Lack of standing on the part of plaintiff alone is therefore sufficient to sustain the trial court's judgment.

Even if it could be held that plaintiff had standing, however, and had a justiciable interest in the leased premises, its contentions of error on appeal do not merit a reversal. The major contention to justify appellate relief is found in the charge that defendant did not comply with the strict requirements of a common law forfeiture in terminating the leasehold interest. It is not necessary to pursue a forfeiture under the rules of the common law where a lease provides the method for declaring a forfeiture because of a breach of a condition of the lease. *Denney v. Traders National Bank of Kansas City*, 408 S.W.2d 71, 74 [3] (Mo.1966). Here, the lease provided that default in payment of rent for a period of ten days after written notice from lessor to lessee, the lessor at its election would have the right to terminate the lease. The proper notice was given and demand for possession made. Thereupon possession was delivered. This procedure followed the terms of the lease and lessor was not compelled to comply with any other requirements. *Wilson v. Watt*, 327 S.W.2d 841, 852 [14] (Mo. 1959); *Eurengy v. Equitable Realty Corporation*, 341 Mo. 341, 107 S.W.2d 68, 72 [11] (1937).

Plaintiff also asserts defendant waived its right to forfeit the leasehold interest because, over a long period of time, it had accepted rent after the date on which it was due. Waiver must be shown by clear evidence and none appears here. The full amount of the rent due was never paid to comply with the written notice of October 26, 1979. We find no clear, unequivocal and decisive act of the lessor showing its intention to waive the forfeiture. *Lucas Hunt Village Company v. Klein*, 358 Mo. 1054, 218 S.W.2d 595, 599 [8, 9] (Banc 1949). We should also point out that the lease itself provides that a waiver of any default to the tenant would not constitute a waiver of any other default. The failure of the landlord to enforce its right to prompt payment of rent on the first of each month in the past would not act as a waiver of its right to collect rent due over a four-month period.

Plaintiff next questions the jurisdiction of the trial court as a court of equity to transfer possession of real estate back to defendant after it had been given to plaintiff under the temporary restraining order. Plaintiff obviously overlooks the rule that equity will retain jurisdiction of a cause once it has become vested with jurisdiction and will proceed to do full and complete justice even though that may involve adjudicating matters of law or rendering a money judgment. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 [13] (Mo.banc 1979).

The plaintiff finally raises contentions with respect to the award of damages in this case against it after the dissolution of the temporary restraining order on the basis that the evidence failed to support the award. The court's award was based upon the minimum rent provided for in the lease and was clearly supported by the evidence in the record. The rent set forth in a lease is evidence of rental value. *Del Commune v. Bussen*, 179 S.W.2d 744, 748 [6] (Mo.App.1944). In addition the damages included defendant's reasonable attorney's fees and an amount calculated at double the minimum lease rent for the premises during the time plaintiff held possession of premises after the lease was terminated. The lease was a joint exhibit introduced in the evidence and plainly set the rental. After the lease was terminated, plaintiff was liable to defendant for double the fair rental value of the premises from the date of termination to the date possession is finally delivered. Section 441.080, RSMo 1978. The rent was based on a lease executed in 1961 at a rate that no one could deny was a reasonable rental at time of trial in 1979. The argument that the trial court erred in awarding attorney's fees to defendant because the decision on the merits of the case was wrong is obviously without merit in view of our decision sustaining the trial court on the merits of the case.

The judgment is affirmed.

PUDLOWSKI, P. J., and GUNN, J., concur.