**PASSIVE INVESTORS, INC.**
**Plaintiff-Appellant,**

v.

**INTERNATIONAL MERCHANDISING AND PRINTING COMPANY,**
**Defendant-Appellant.**

Nos. 45579, 45608.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Norman W. Pressman, St. Louis, for plaintiff-appellant.

Peter T. Sadowski, St. Louis, for defendant-appellant.

CRIST, Judge.

Unlawful detainer action. Consolidated appeal. Summary judgment in favor of Passive Investors, Inc. (landlord) affirmed.

Landlord and International Merchandising and Printing Company (tenant) executed a written real estate lease on March 3, 1978. Tenant failed to make rental payments for the months of January, 1981, through October, 1981, in the amount of $9,375.

A clause in the lease provided for forfeiture upon nonpayment of rent upon fifteen days notice by landlord to tenant. Landlord gave such fifteen days notice by notices delivered to tenant on March 16 and

April 13, 1981. Tenant did not pay the rent, and a suit in unlawful detainer followed. The trial court entered summary judgment in favor of landlord for $9,375.

Tenant appeals, arguing summary judgment was wrong because landlord elected to file an unlawful detainer suit under Chapter 534, RSMo 1978 rather than following the procedures of Chapter 535, RSMo 1978, and was thereby obliged to follow common law forfeiture procedures. *Eskew v. Hawkins,* 619 S.W.2d 361 (Mo.App.1981). Specifically, it argues, since landlord failed to make a demand for payment of rent on the precise day when the rent became due, tenant should be discharged for the ten months of rent owed to landlord. Tenant's proposal is both unreasonable and contrary to the lease terms.

■ It was not necessary to pursue a forfeiture under common law because the lease provided a method for declaring a forfeiture for breach of a condition in the lease. *Spencer's River Roads Bowling Lanes, Inc. v. Unico Management Company,* 615 S.W.2d 121, 125 (Mo.App.1981). Notices of default were issued to tenant on or about March 16, 1981, and April 13, 1981. Because the notices followed the manner of declaration of forfeiture as outlined in paragraph 15 of the lease, landlord did not have to follow the common law procedure of forfeitures. *Id.* Therefore tenant's appeal is denied.

■ Landlord appeals from the damage award of $9,375, arguing § 534.330, RSMo 1978 dictates it should have been awarded double damages for the seven months left on the lease after proper termination. This is not so.

Landlord can not combine the forfeiture procedures of the lease with the damages allowed by statute when the lease provides for its own measure of damages. Having chosen to follow the forfeiture procedures outlined in the lease instead of the strict common law forfeiture provisions outlined in § 534.330, landlord is also bound by the single damage provision of the lease. *See: Spencer River Roads,* 615 S.W.2d at 125;

*New Brentwood Realty, Inc. v. Strad, Inc.,* 509 S.W.2d 214 (Mo.App.1974).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.