**Edwin GORDON, et al., Plaintiffs/Respondents/Cross–Appellants,**

**v.**

**David WILLIAMS, et al., Defendants/Appellants/CrossRespondents.**

Nos. 73141, 73409.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 8, 1998.

Rehearing Denied Feb. 18, 1999.

Nangle & Nangle, P.C., Bruce Nangle, Barbara Nangle, St. Louis, for appellants.

Dowd & Dowd, P.C., William T. Dowd, St. Louis, for respondents.

JAMES A. PUDLOWSKI, Presiding Judge.

David Williams and his wife Ann Wimsatt d/b/a Wimsatt Williams Studio (Appellants) appeal the trial court's judgment against them and in favor of Edwin Gordon and Dorothy Gordon d/b/a Gordon Properties (Respondents) in an unlawful detainer action. On August 14, 1997, the court ordered Appellants to relinquish the premises and pay $34,-755.00 to Respondents. Subsequent to Appellants's Motion to Correct Judgment, the court reduced Respondents's damages to $22,221.89 on September 15, 1997. Appellants allege the trial court erred in that there was no evidence supporting a judgment of unlawful detainer because the Respondents failed to comply with the statutory and common law requirements of forfeiture.[1] On cross appeal, Respondents allege the trial court's Amended Judgment improperly reduced their recovery. We affirm the judgment and remand to the trial court.

On June 19, 1991, Appellants contracted to lease the second floor of 21 N. Meramec from the Respondents. Both parties were repre-

---

1. Respondents assert that the Appellants's point relied on violates Rule 84.04(d) for failing to state the "wherein and why" the trial court's ruling was erroneous. While the point relied on is deficient, we believe we can discern the issues Appellants attempt to raise. We suggest review of the dictates of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

sented by counsel. The lease would expire July 31, 1996. Appellants remained on the premises until September of 1997. All relevant lease terms are in Article VI Section C. Rent was due on the first of the month, and the lease provided that Appellants would be in default for failure to pay by the tenth day of the month. Appellants often failed to pay within 10 days of the first of the month, and the lease permitted Respondents to terminate the lease "after ten (10) days written notice and after said ten days...lessee will forthwith quit and surrender the leased premises...." This default provision provided that if Appellants failed to pay rent by the tenth of the month, Respondents could deliver written notice of termination and 10 days thereafter terminate the lease.

The rent due May 1 was received on May 25. On June 3, 1996, Respondents's property manager (Lori Dolan) notified Appellants, by certified mail, that they were in default due to delinquent rent payments. This was notice of Respondents intent to demand possession and terminate the lease. On July 1, 1996, Lori Dolan attempted to hand deliver a notice of termination and demand for possession to the Appellants; attached was a Notice of Eviction for failure to timely pay rent. She knocked on the door during business hours and slipped the demand under Appellants's door when no one answered. Lori Dolan also sent an exact copy of said documents to Appellants by certified mail. Appellants acknowledged receipt of the notices, but refused to leave the premises.

On July 5, 1996, Respondents filed a Petition For Unlawful Detainer alleging Appellants were unlawfully in possession of the premises located at 21 N. Meramec. Respondents filed two separate amended petitions for unlawful detainer on August 1, 1996 and June 6, 1997. The matter proceeded to trial on June 19, 1997. At the conclusion of the evidence the trial court took the case as submitted and permitted the filing of post-trial briefs.

On August 14, 1997, the trial court rendered its judgment ordering Appellants to relinquish possession of the premises and to pay Respondents $33,000.00, double the reasonable rental value of $1,500.00 per month for the 11 month period of wrongful possession. The trial court also ordered interest in the sum of $1,755.00, making a total of $34,755.00. Appellants filed a Motion to Correct the Court's Judgment on September 10, 1997. Five days later, the trial court filed its Amended Judgment reducing the amount of Respondents's double rent recovery, now $39,000,[2] by the amount of rent Appellants paid during the term of wrongful possession, $17,875.00, rendering an award of $21,125.00. The trial court also ordered interest in the sum of $1,096.89, making a total of $22,221.89. Appellants allege the trial court erred in granting a judgment in unlawful detainer because the Respondents failed to comply with the statutory and common law requirements of forfeiture.

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

 Respondents invoked the remedy of unlawful detainer which is available "when any person shall willfully and without force hold over any lands, tenements, or other possessions, after the termination of the time for which they were demised or let to him." Section 534.030 RSMo 1997.[3] Respondents sought not only to terminate the leasehold interest but also, by proceeding in unlawful detainer, to recover double damages and double rents. *Davidson v. Kenney*, 971 S.W.2d 896, 899 (Mo.App. W.D.1998); *Fritts v. Cloud Oak Flooring Company*, 478 S.W.2d 8, 12 (Mo.App.Spring.Dist.1972). Respondents, in seeking common law forfeiture to terminate the leasehold interest and proceed in unlawful detainer, must observe every requirement

2. In the Amended Judgment, the trial court increased the double rent recovery from $33,000.00 (for an 11 month period) to $39,000.00 reflecting the additional two months (a total of 13 months) Appellants remained in wrongful possession following the trial.

3. Unless otherwise indicated, all references are to RSMo 1997.

of the common law, unless waived by agreement. *Fritts*, 478 S.W.2d at 12. There can be no unlawful detainer action until the lease has been terminated. *Davidson*, 971 S.W.2d at 898.

■ Appellants first allege that under *Jones v. Gleason*, 209 S.W.2d 536, 537 (Mo. App. E.D.1948), they were not in unlawful possession of the premises at the time the action was brought and, therefore, Respondents action in unlawful detainer must fail. Appellants admitted that neither April nor May rent was paid by the tenth of the month. The May rent was paid 25 days late. The lease provides that Appellants are in default for failing to pay by the tenth, and that Respondents may then "after ten (10) days written notice and after said ten days, terminate this lease and [Appellants] will forthwith quit and surrender the Leased Premises." Appellants acknowledged receipt of Respondents's intent to terminate the leasehold interest and demand for possession dated June 3, 1996. Appellants also admit receiving the July 1, 1996 demand for possession and notice of termination on July 2, 1996. Therefore, we find the Respondents terminated the lease, and Appellants were in wrongful possession at the time the action was brought on July 5, 1996.

■ Appellants next argue that Respondents' unlawful detainer action must fail because the July 1, 1996, demand for possession and notice of termination[4] complied with neither the provisions of Section 534.050 RSMo 1994 nor common law requirements. Section 534.050 RSMo 1994 provides that the demand required by Section 534.030 "shall be made either by delivering a copy of such demand to the person in possession, or by leaving such copy with some person above the age of fifteen years...." Respondents attempted to hand deliver the documents during business hours, slipped them under the door when no one answered and simultaneously sent them by certified mail. Appellants acknowledged receipt on July 2, 1996, but argue Respondents failed to comply with

the service requirements of Section 534.050 RSMo 1994.

■ Appellants further allege that the July notice did not conform with common law requirements of notice. To create a forfeiture of a leasehold interest at common law for failure to pay rent, there must be notice of forfeiture and demand for rent on the day due, and for the precise amount due. *Fritts*, 478 S.W.2d at 12. Respondents's notice did not state the precise amount due.

We find that both of the above arguments are settled by the lease's clear waiver provision which provides:

[Appellants] hereby waive any notice which may be required by statute or otherwise prior to the commencement of an action to obtain possession of the premises by summary proceedings or otherwise.

Respondents must scrupulously observe every requirement of the common law, unless waived by agreement. *Fritts*, 478 S.W.2d at 12. Clearly the agreement of the parties, both represented by counsel at the time of the contract formation, waived the common law notice requirement.

■ Appellants next assert that Respondents waived their right to forfeit the leasehold interest because, at various times, they accepted rent after the date on which it was due. Where there is no express declaration of waiver, there must be a clear, unequivocal, and decisive act showing waiver implied by conduct. *Lucas Hunt Village Co. v. Klein*, 358 Mo. 1054, 218 S.W.2d 595, 599 (Mo. banc 1949); *Spencer's River Roads Bowling Lanes, Inc. v. Unico Management Company*, 615 S.W.2d 121, 125 (Mo.App. E.D.1981). The implied waiver must be so indicative of an intention to waive that no other reasonable explanation is possible. *Id.* We find no clear, unequivocal, and decisive act of Respondents showing an intention to waive the forfeiture.

Furthermore, there is a waiver provision in the lease that states:

The failure of [Respondents] to insist, in any one or more instances, upon a strict

---

4. The July 1, 1996 notice read: "As we have not received your rent for the month of July by 5:00 p.m., Monday, July 1, 1996, and you have again failed to pay your rent when due, we hereby demand possession as you have forfeited your lease."

performance of any of the covenants of this lease...shall not be construed as a waiver or a relinquishment for the future.... The receipt by [Respondents] of rent, with the knowledge of the breach of any covenant hereof, shall not be deemed a waiver of such breach and no waiver by the [Respondents] of any provisions hereof shall be deemed to have been made unless expressed in writing and signed by the [Respondents].

There is no express or implied act of Respondents showing an intention to waive the forfeiture. The evidence supported a judgment of unlawful detainer. We affirm.

■■ On cross appeal, Respondents argue the trial court's Amended Judgment improperly reduced their recovery. Under Section 534.330, the judgment must double the sum assessed for damages, and also for monthly rents and profits up to the time of restitution. *S.L. Motel Enterprises, Inc. v. East Ocean, Inc.*, 751 S.W.2d 114, 119 (Mo. App. E.D.1988). Damages for rents and profits in an unlawful detainer action may be measured by the reasonable rental value of the premises during the period of the unlawful detention. *Id.* In its Amended Judgment, the trial court held the Appellants were in wrongful possession for 13 months, from August 1, 1996 until August 31, 1997. The trial court also found the reasonable monthly rental value of the premises was $1,500.00 and then multiplied by 13 months for a total of $19,500. The trial court doubled this to $39,000.00, and then subtracted the amount Appellants paid in rent during the period of wrongful possession, $17,875.00, rendering an award of $21,125.00. Prejudgment interest of $1,096.89 was ordered, making a total of $22,221.89.

Respondents argue the trial court erred in subtracting the amount Appellants paid in rent during the period of wrongful possession. The question is whether the Respondents are entitled to keep the rent paid, $17,875.00, during the wrongful possession as well as double the reasonable rental value for the same period. Respondents argue *S.L. Motel Enterprises, Inc.* indicates they are entitled to keep the rent paid. We disagree because in *S.L. Motel Enterprises, Inc.*, un-

like here, the rent was never paid during the period of wrongful possession. *S.L. Motel Enterprises, Inc.*, 751 S.W.2d at 114. We find that Section 534.330, in providing that double the rental value for the period of wrongful possession must be awarded, does not also entitle the Respondents to keep the rent paid during said period.

■ The Amended Judgment of the trial court is affirmed, but we reverse and remand for determination of the period of Appellants's wrongful possession and consequently, Respondent's damages. Although not raised on appeal, the Court of Appeals shall give such judgment as the trial court ought to give. Rule 84.14. Missouri unlawful detainer cases allow for damages from the date of the demand for possession. *S.L. Motel Enterprises, Inc.*, 751 S.W.2d at 119. Damages for rents in an unlawful detainer action may be assessed from the date on which the party becomes entitled to possession of the premises. *Id.* Respondents are entitled to possession of the premises from the date of the demand for possession. *Id.* Respondents's July 1, 1996, demand for possession and notice of termination was received by Appellants on July 2, 1996. Respondents were then legally entitled to possession and damages must be assessed accordingly. *Id.* The trial court erred in finding August 1, 1996, commenced the period of wrongful possession.

Respondents, as the "prevailing party" are entitled to reasonable attorney's fees under the lease terms. They have petitioned this court for attorney's fees on appeal in addition to the $10,403.77 awarded by the trial court. After a review of the motion, we award Respondents an additional $3,755.36 as and for reasonable attorney's fees, rendering a total of $14,159.13.

Judgment affirmed and remanded in accordance with this opinion.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.