**JP MORGAN CHASE BANK, As Trustee By Residential Funding Corporation, Attorney–In–Fact, Respondent,**

v.

**Eric L. TATE, Sr. and Cheryl Hall–Tate, Appellants.**

**No. ED 91138.**

Missouri Court of Appeals, Eastern District, Division Three.

March 24, 2009.

Thomas R. Carnes, St. Louis, MO, for Appellants.

Benjamin C. Struby, Charles S. Pullium, III, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Eric Tate and his wife, Cheryl Hall-Tate, (collectively referred to as "the Tates") appeal from the judgment entered in favor of JP Morgan Chase Bank, as Trustee by Residential Funding Corporation, Attorney–in–Fact, (hereinafter "JP Morgan") on its unlawful detainer action against the Tates. The Tates argue the trial court erred in failing to dismiss the unlawful detainer action pursuant to Section 534.300, RSMo 2000.[1] We affirm.

On June 28, 2000, the Tates executed a deed of trust, securing a loan in the principal amount of $67,000.00. On October 17, 2006, JP Morgan purchased the Tate's property at 10720 Linnell Drive in St. Louis County, Missouri at a foreclosure sale. On October 20, 2006, notice was sent to the Tates, advising them of the foreclosure and demanding they vacate the property. The Tates failed to vacate the property. Thereafter, on October 25, 2006, JP Morgan filed its petition for unlawful detainer. The Tates pleaded an affirmative defense to the unlawful detainer action under Section 543.300, alleging the action was barred because the Tates had uninterrupted occupation of the property for longer than three years preceding the unlawful detainer action. Following a bench trial, the trial court entered findings of fact, conclusions of law, and a judgment in favor of JP Morgan. The Tates subsequently filed an application for a trial *de novo.*

A trial *de novo* was held and JP Morgan presented its evidence. At the conclusion of the evidence, the Tates moved for a dismissal of the unlawful detainer action pursuant to Section 534.300 because they had the uninterrupted possession of the property for more than three years preceding the filing of the unlawful detainer action. The trial court overruled the Tates' motion to dismiss, and entered its judgment in favor of JP Morgan. The Tates now appeal.

■ In their sole point, the Tates contend the trial court erred in failing to dismiss the unlawful detainer action pursuant to Section 534.300. The Tates assert the provisions of Chapter 534 do not extend to any person who has had the interrupted occupation of land for at least three years together immediately preceding the filing of an unlawful detainer action. The Tates maintain they established they had the uninterrupted occupation of their property for over five years preceding the filing of the unlawful detainer action and therefore the action was barred.

■ In appeals from unlawful detainer actions, our standard of review is the same announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Bach v. McGrath*, 982 S.W.2d 734, 735 (Mo.App. E.D.1998). We will affirm the trial court's judgment unless there is no substantial

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Id.*

Unlawful detainer is defined in Section 534.030. That section provides:

[w]hen any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person, or the person under whom such person claims; or after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer[.]"

The Tates rely on Section 534.300 to argue JP Morgan's unlawful detainer action against them was barred. Section 534.300 provides:

[t]he provisions of this chapter shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for the space of three whole years together, immediately preceding the filing of the complaint, or who has continued three whole years in the peaceable possession after the time for which the premises were demised or let to him, or those under whom he claims, shall have expired.

The Tates maintain they had the uninterrupted occupation of their property for more than three years immediately prior to the filing of the unlawful detainer action, and thus, JP Morgan's action against them was barred under Section 534.300.

As recognized by both parties, the case of *P.M. Const. Services, Inc. v. Lewis*, 26 S.W.3d 284 (Mo.App. W.D.2000) is directly on point. The Tates request that we decline to follow the Western District's holding in *P.M. Const. Services, Inc.* In *P.M. Const. Services, Inc.*, the appellant raised the same issue of whether unlawful detainer under Chapter 534 is an appropriate method for the purchaser of residential property at a foreclosure sale to obtain possession of the property from the former owner who claimed to be in quiet, uninterrupted possession of the property for more than three years before the unlawful detainer action was filed. *Id.* at 286. In analyzing the effect of Section 534.300 and finding it is a statute of limitations, the court relied on and analogized two cases involving landlord-tenant cases, *F.A. Sander Real Estate & Inv. Co. v. Becker*, 202 S.W.2d 549 (Mo.App.1947) and *Kohnen v. Hameed*, 894 S.W.2d 196 (Mo.App. E.D. 1995). *P.M. Const. Services, Inc.*, 26 S.W.3d at 289–90. The court noted:

at the expiration of a lease, it is the tenant's duty to surrender the premises, and when his time expires, he becomes an unlawful detainer. The tenant's uninterrupted possession is "by and with the consent" of the landlord. At the point the landlord-tenant relationship terminates, the tenant's possession thereafter is adverse, which triggers the running of the three-year period described in Section 534.300.

*Id.* at 290 (internal citations omitted). The court held that similarly before a foreclosure, the owner maintains possession, but the possession is not adverse to anyone

and only after foreclosure does the possession become adverse, beginning the running of the three-year period. *Id.* The court noted that "it does not make sense for a statute of limitations clock to begin ticking before a cause of action accrues or a plaintiff is ever known" because "the legislatively created remedy could be wiped out before the wrongful act happened." *Id.* Thus, the court in *P.M. Const. Services, Inc.* held Section 534.300 was not triggered until after the foreclosure and the unlawful detainer action was brought well within the three years. *Id.*

We see no reason not to follow the clear precedent set forth in *P.M. Const. Services, Inc.,* and the Tates have not provided a compelling reason for this court to decline to follow the Western District's analysis of this issue.[2] Section 534.300 is a statute of limitations that does not commence to run until there is an unlawful detainer. *P.M. Const. Services, Inc.,* 26 S.W.3d at 290; *F.A. Sander Real Estate & Inv. Co.,* 202 S.W.2d at 551. An unlawful detainer situation does not arise until there is foreclosure of the deed of trust, notice of the foreclosure is given to the occupant of the property, and the occupant refuses to vacate the property. Here, JP Morgan purchased the Tates' property at a foreclosure, JP Morgan gave notice to the Tates of the foreclosure and demanded they vacate the property, and the Tates did not vacate the property. Thus, at that time, the Tates were guilty of unlawful detainer and the three year statute of limitations in Section 534.300 was triggered. JP Morgan's unlawful detainer action was brought well within the three years. The trial court did not err in failing to dismiss the action based on Section 534.300 as argued by the Tates. The Tates' point is denied.

The judgment is affirmed.

CLIFFORD H. AHRENS, and SHERRI B. SULLIVAN, J.J., concur.

---

2. The Tates assert this court should not follow the interpretation of Section 534.300 set forth in *P.M. Const. Services, Inc.* because homeowners who have occupied their homes for over three years should be shielded from the punitive double damages aspect of the unlawful detainer statute, while other parties who do not have a long-term connection to property should not have the benefit of that protection. The Tates contend this reading of Section 534.300 does not deprive a land owner from evicting a long-term occupier of property because the common law cause of action for ejectment is available. We are not persuaded by their unsupported arguments, particularly where the legislature specifically amended Section 534.030 to provide for the unlawful detainer remedy to be available to foreclosing parties.