**COLT INVESTMENTS, L.L.C., Respondent,**

v.

**Dennis Lee BOYD d/b/a Denny Motors, Appellant.**

**No. ED 99280.**

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 26, 2013.

Rehearing Denied Jan. 27, 2014.

Clinton B. Roberts, Farmington, MO, for Appellant.

Brian J. McNamara, Farmington, MO, for Respondent.

ROBERT M. CLAYTON III, Chief Judge.

Dennis Lee Boyd d/b/a Denny Motors ("Boyd") appeals the judgment of the trial court in favor of Colt Investment, L.L.C. ("Colt") on its petition for unlawful detainer. We affirm the trial court's judgment as modified.

## I. BACKGROUND

In 2010, Boyd began renting property located at 1037 E. Karsch Boulevard ("the property") from property owner Farmington Commercial Investments. Boyd rented office space and the lot for vehicles. In June 2012, Colt purchased the property at a foreclosure sale. On June 8, 2012, Colt made a demand for possession of the property by personally serving Boyd with a notice to vacate. Boyd failed to vacate the property, and Colt filed a petition for unlawful detainer. The associate circuit judge entered judgment in favor of Colt. Pursuant to that judgment, the sheriff served a writ of execution and removed Boyd from the premises on September 11, 2012. Boyd filed an application for trial de novo and appeal to the circuit court. Following trial, the court entered judgment in favor of Colt. The court assessed the fair rental value of the property to be $2,000 per month, and awarded Colt damages in that amount from the purchase date, June 5, 2012, until Boyd's removal from the property on September 11, 2012. The court doubled the amount of damages pursuant to Section 534.330 RSMo (2000),[1] for a total judgment of $16,000. Boyd now appeals.

## II. DISCUSSION

### A. Standard of Review

■ Our review of the court's decision in an unlawful detainer action is governed by the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *JP Morgan Chase Bank v. Tate*, 279 S.W.3d 236, 237 (Mo.App.E.D.2009). Thus, we will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 237–38.

### B. Damages

Each of Boyd's three points on appeal concern the trial court's award of damages in the amount of $16,000. In his first point on appeal, Boyd challenges the trial court's calculation of damages. In his second point on appeal, Boyd claims the court erred in overruling his objection to the expert testimony concerning the fair rental value of the property and admitting evidence from the expert in this regard. In his third and final point on appeal, Boyd claims the trial court erred in determining the fair rental value of the property was $2,000 per month because such an amount was not supported by substantial evidence and was against the weight of the evidence.

#### 1. Calculation of Damages

■ As previously stated, Boyd's first point on appeal concerns the trial court's calculation of damages. According to Boyd, the trial court erroneously calculated the total amount of damages beginning three days prior to the date Colt served Boyd with the notice to vacate. In addi-

---

**1.** All further statutory references are to RSMo (2000).

tion, Boyd argues the trial court improperly credited Colt with damages for rent for the entire months of June and September of the fair rental value of $2,000 per month, when the proper calculation would have only included damages for the days of June and September Boyd was actually present on the property.

 Damages in an unlawful detainer case may be recovered in the amount of the fair rental value of the premises during the period of unlawful detention. *Gordon v. Williams,* 986 S.W.2d 470, 473 (Mo.App. E.D.1998). "Missouri unlawful detainer cases allow for damages from the date of the demand for possession." *Id.* In the present case, the demand for possession was made on June 8, 2012, and therefore, the damages for Boyd's unlawful detainer would be assessed only from June 8, 2012, to September 11, 2012. In addition, the trial court's calculation of damages using the full month's rent for both June and September was incorrect because Boyd was only physically present on the property for a portion of each month. The trial court should have pro-rated the damages for the individual days within the months of June and September Boyd occupied the property.

Pursuant to Missouri Supreme Court Rule 84.14, we shall give such judgment as the trial court ought to give. When the error is one of mathematical calculation only, we can amend the trial court's judgment accordingly. *State ex rel. City of Desloge v. St. Francois County,* 245 S.W.3d 855, 862 (Mo.App.E.D.2007). Therefore, we recalculate the proper amount of damages based upon the individual days within June and September Boyd was physically present on the property. Based upon the trial court's fair rental value of $2,000 per month, the daily rental rate is $66.67. Colt made a demand for possession on June 8, 2012, when it

served Boyd with the notice to vacate the property. Boyd would therefore be responsible for the rent of twenty-one of the thirty days of the month of June, which equals $1,400.07. Boyd only physically possessed the property for eleven days of the thirty days in September, and therefore, would be responsible for $733.37 in rent for the month. Adding these pro-rated amounts to the full month rental amounts from July and August, the total is $6,133.44. This sum is doubled, pursuant to Section 534.330, totaling $12,266.88. Thus, we modify the trial court's damages award of $16,000 to $12,266.88.

## 2. Foundation for Valuation Expert's Testimony

 In his second point on appeal, Boyd claims the trial court erred in overruling his objection to the valuation expert's opinion of the fair rental value of the property and admitting such evidence. Boyd argues the expert's opinion concerning the fair rental value lacked foundation because her testimony was not supported by facts as required by Section 490.065.

 The decision to admit or exclude expert testimony is within the trial court's discretion, and we will not reverse the decision absent an abuse of discretion. *St. Charles County v. Olendorff,* 234 S.W.3d 492, 495 (Mo.App.E.D.2007) (citing *Rigali v. Kensington Place Homeowners' Assoc.,* 103 S.W.3d 839, 844 (Mo.App.E.D.2003)).

Section 490.065 sets forth the standard for the admission of expert testimony in civil actions. *Id.* Boyd's challenge to the valuation expert's testimony in the present case relates specifically to Section 490.065.3 which states:

> The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived or made known to him at or before the hearing and must be of a type reason-

ably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable.

According to Boyd, Patricia Weddle, a real estate broker called as Colt's valuation expert, did not testify regarding sufficient facts to support her opinion concerning the fair rental value of the property as required by the statute. Instead, Boyd argues Weddle testified she used a comparable rental approach to arrive at her opinion of the rental value of the property but failed to identify any comparable properties. Boyd's argument ignores Weddle's testimony about the property itself in its entirety.

During trial, Weddle testified as to the rental value for the entire property for the period between June 5, 2012, and September 11, 2012. Weddle stated her assessment of the fair market rental value of the property would be determined by the use of the lot itself, the size of the various buildings available for rental on the property, and the location of the property. Based upon this information she gave her opinion as to the rental value of the property as a whole, valuing the rent for the entire property at $4,250 per month. This amount included the rental of all three buildings on the property as well as the parking lot space. However, the property had been subdivided into separate rentals during Boyd's rental and subsequent unlawful detainer of the property. Thus, Weddle also testified as to her opinion of the individual rental values of the subdivided property. According to Weddle, the fair rental value of the 1,200 square foot office building with parking spaces on the lot would be $1,000 per month. The rental of the large shop garage, which consisted of 4,800 square feet, with parking spaces would be $2,000 per month if rented separately. The third building, a 2,240 square foot shop garage, was valued at $1,500 per month.

Weddle's use of the individual rental values, as well as the rental value of the property as a whole was not based on mere conjecture, but instead was sufficient comparable property to satisfy the factual basis required for her opinion by Section 490.065.3. *See Missouri Pipeline Co. v. Wilmes*, 898 S.W.2d 682, 688 (Mo.App.E.D. 1995) (expert's opinion of property value was founded upon substantial information and not mere conjecture and there was a rational basis for opinion). Thus, the trial court did not abuse its discretion in overruling Boyd's objection to Weddle's testimony. Point two on appeal is denied.

### 3. Damages Award

In his third and final point on appeal, Boyd claims the trial court's finding that the fair rental value of the property was $2,000 per month was against the weight of the evidence and not supported by the evidence. Boyd contends there was no evidence that the property was rentable at all because the building was essentially landlocked, and the buildings were subject to a "no occupancy" notice from the city for violation of city building codes. Boyd's arguments are without merit.

As previously noted, damages for rent in an unlawful detainer case may be measured by the reasonable rental value of the property *during the period of unlawful detention. Gordon*, 986 S.W.2d at 473 (emphasis added). Here, Boyd claims the property was essentially landlocked because of obstructions to the entrance of the property, and the property was subject to a "no occupancy" notice for violation of city building codes. However, the testimony at trial established these factors affecting the potential ability to rent the property were not present during the period Boyd unlawfully detained the property. Dean Bone, an agent for the former owner of the prop-

erty and Boyd's former landlord, Farmington Commercial Investments, L.L.C., testified the obstructions to the entrance of the property were not present until after September 11, when Boyd left the premises. In addition, Robert Sullivan, a building inspector for the City of Farmington, testified there was no record of any building code violations between June 5, 2012, and September 11, 2012, the period of unlawful detention. Thus, based upon the evidence presented at trial, none of the issues raised by Boyd concerning the condition of the property existed during the time of Boyd's unlawful detention. Boyd's argument concerning whether the property was in rentable condition following his surrender of the property is irrelevant to the trial court's determination of damages.

The trial court based its assessment of the fair rental value of the property as $2,000 per month. As discussed above, there was substantial evidence of the fair rental value of the property, and the trial court based its award on this evidence. As a result, we cannot conclude the court erred in its assessment of damages. Point three on appeal is denied.

## III. CONCLUSION

The trial court's judgment in favor of Colt is modified to reflect the proper calculation of the pro-rated rental amount for the months of June and September 2012. In all other respects, the judgment of the trial court is affirmed.

ROY L. RICHTER, J. and GARY M. GAERTNER, JR., J., concur.