In re Sandra TUCKER, Debtor.

Sandra Tucker, Plaintiff,

v.

Ameriquest Mortgage Company,
Defendant.

Bankruptcy No. 02–20052–172.
Adversary No. 02–2005–172.

United States Bankruptcy Court,
E.D. Missouri,
Northern Division.

Feb. 13, 2003.

Timothy H. Battern, P.C., St. Louis, MO, for Debtor/Plaintiff.

John V. LaBarge, Jr., St. Louis, MO, Chapter 13 Trustee.

Michael D. Doering, Kansas City, MO, for Defendant.

### MEMORANDUM

JAMES J. BARTA, Chief Judge.

The matter before the Court is the Plaintiff/Debtor's request to set aside a pre-petition foreclosure sale, and to reinstate the Note and Deed of Trust under the terms of her Chapter 13 Plan. The Debtor has argued that, under Missouri law, the foreclosure sale was not completed before the Chapter 13 Petition was filed, because the Trustee's Deed had not yet been recorded.

The Defendant, as the pre-petition purchaser of the real estate and the holder of the Trustee's Deed delivered to it pre-petition by the alternate successor trustee, claims to be the legal and equitable owner of the property. The Defendant's pending motion for relief from the automatic stay to permit the recording of the Trustee's Deed and to gain possession of the property, is being determined separately consistent with the findings and conclusions here.

This is a core proceeding pursuant to Section 157(b)(2)(G) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Parties have agreed to submit the issue to the Court on the pleadings and legal memoranda. On consideration of the record as a whole the Court finds and concludes that, under Missouri law, and in the circumstance presented here, the foreclosure sale had been completed prior to the filing of the bankruptcy petition, such that the Debtor is precluded from attempting to cure or waive any defaults on the Note through a Chapter 13 plan.

The Parties stipulated to the following facts:

1) that the Plaintiff/Debtor executed and delivered a Note and Deed of Trust to the Defendant on the real property at issue;

2) that the Plaintiff/Debtor defaulted in making payments on the Note;

3) that the Defendant notified the Plaintiff/Debtor of its intent to foreclose and made proper demand for payment in accordance with the Note, Deed of Trust and applicable law;

4) that the foreclosure sale was scheduled for February 4, 2002 and that the Plaintiff/Debtor received timely, actual notice of the sale;

5) that on February 4, 2002, the Defendant was the successful bidder at the foreclosure sale;

6) that the foreclosure sale was properly conducted in all respects pursuant to the

terms of the Note and Deed of Trust and applicable law;

7) that on February 4, 2002, the duly appointed alternate successor trustee under the Deed of Trust executed and delivered to the Defendant his Trustee's Deed whereby all rights, title and interest in and to said property were transferred to the Defendant;

8) that on February 5, 2002, the Plaintiff/Debtor filed a petition commencing a bankruptcy case under Chapter 13; and

9) that the Trustee's Deed had not been recorded when the bankruptcy petition was filed. (File Document No. 10).

The Plaintiff/Debtor did not dispute the Defendant's allegation that the Plaintiff/Debtor did not provide notice of an intent to redeem the real estate in accordance with Mo.Rev.Stat. § 443.410. The Debtor's Chapter 13 plan was confirmed by an Order dated May 3, 2002. Under the confirmed plan, the Defendant is to be paid the pre-petition arrearage on the mortgage over a 36 month period through the Plan, and the Debtor is to make the post-petition mortgage payments directly to the Defendant outside the Plan. The Plan anticipates that the Debtor will prevail in this Adversary Proceeding, will cure any default through the plan, and will thereafter continue regular post-petition payments to the Defendant.

The Plaintiff/Debtor's Complaint, as originally filed, alleged lack of notice of default, lack of notice of the foreclosure sale, inadequate price, and failure to comply with applicable law in conducting the sale as the basis for setting aside the foreclosure sale. (File Document No. 1). The joint stipulation of facts resolved those allegations in the Defendant's favor. In her reply brief, the Debtor stated that the "issue before the Court is the effect of filing of a Chapter 13 Bankruptcy petition between the time a sale of foreclosure is called and the recording of the Trustee's Deed." (File Document No 13).

Based on an examination of the pleadings, the confirmed Chapter 13 Plan and the legal memoranda, the Court will address the slightly narrower issue of whether the filing of a Chapter 13 petition between the time of delivery of a Trustee's Deed to the purchaser following an otherwise valid foreclosure sale, but prior to the recording of the Trustee's Deed, operates to invalidate the sale and to reinstate the Note and Deed of Trust.

Property of the estate consists of, with certain limited exceptions as provided by 11 U.S.C. § 541(b) and (c), all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a). Property interests are created and defined by state law, unless some federal interest requires a different result. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), *United States v. Landmark Park & Associates,* 795 F.2d 683 (8th Cir.1986). Missouri law has long provided for power of sale provisions to be included in a deed of trust. These provisions permit a non-judicial foreclosure of a debtor's interest in real property in accordance with applicable state statutes. See Mo.Rev.Stat. § 443.290 (1939).

Under Missouri law, a power to sell under a deed of trust is a matter of contract between the mortgagor and mortgagee under the terms and conditions expressed in the instrument. *Graham v. Oliver,* 659 S.W.2d 601, 603 (Mo.Ct.App. 1983). A valid trustee's foreclosure sale transfers all legal and equitable interests in the property to the purchaser at the sale, subject only to a statutory right of redemption if reserved by the debtor as provided by the statute. Mo.Rev.Stat. § 443.290 (1939). A foreclosure sale is

complete at the end of the auction. *Martin v. Lorren,* 890 S.W.2d 352, 357 (Mo.Ct.App.1994) *citing In re Brown,* 75 B.R. 1009 (Bankr.E.D.Pa.1987). The Trustee's Deed conveys valid title to the grantee until such title is set aside. *Manard v. Williams,* 952 S.W.2d 387, 392 (Mo.Ct.App. 1997), *Roberts v. Murray,* 232 S.W.2d 540, 546 (Mo.1950).

 A power of sale foreclosure is an auction held pursuant to statute. See Mo. Rev.Stat. Ch. 443. At the auction, the acceptance of the bid by the trustee constitutes an executory contract of sale. See *Ferguson v. Soden,* 111 Mo. 208, 19 S.W. 727 (1892). The purchaser becomes the equitable owner of the real property and has a right to a Trustee's Deed upon the payment of the bid price to the Trustee. See *Majors v. Maxwell,* 120 Mo.App. 281, 96 S.W. 731, 732 (1906). The delivery of the Trustee's Deed evidences the transfer. It is not the sale, but the final step in the sale. *Schmidt, et al. v. City of Tipton, et al,* 89 S.W.2d 569, 572 (Mo.Ct.App.1936). The deed relates back to the contract. As between the parties, the title is considered to have vested from the time the contract was made. *Schmidt,* 89 S.W.2d at 572.

Missouri statutes also provide that when the holder of the debt purchases the property at the foreclosure sale, the debtor may reserve a right of redemption by giving written notice at the sale or within ten days before the advertised date of the sale to the person making or who is to make the sale. Mo.Rev.Stat. § 443.410. The debtor must redeem the property within one year and must post a bond within 20 days. Mo.Rev.Stat. § 443.410–443.440. If the property is purchased by a third party at the sale, the right of redemption is foreclosed. *Dickey v. Barnes,* 427 S.W.2d 732 (Mo.Ct.App.1968).[1] The Eighth Circuit Court of Appeals has held that, in the Chapter 12 context, a statutory right of redemption could not be enlarged by a Chapter 12 Plan. *Justice v. Valley National Bank,* 849 F.2d 1078 (8th Cir.1988). Similarly, the Bankruptcy Appellate Panel of the Eighth Circuit has held that permitting a debtor to enlarge statutory redemption rights through a Chapter 13 Plan was impermissible. *In re Froehle (Tax 58 v. Froehle),* 286 B.R. 94 (8th Cir. BAP 2002).

 The Plaintiff/Debtor did not cite any basis in Missouri law to support the argument that the foreclosure sale here was not complete when the petition was filed. In view of the specific Missouri case law cited above, the Court is unwilling to accept as persuasive or controlling, the Plaintiff/Debtor's citation to case law from States other than Missouri that discuss non-Missouri law.

The Court finds and concludes that for purposes of this determination, the foreclosure sale was complete under Missouri law prior to the filing of the Chapter 13 petition. The filing of the petition did not invalidate the sale or reinstate the Note and Deed of Trust. By separate order the Court will deny the Plaintiff/Debtor's request to set aside the foreclosure sale.

---

1. Missouri courts also recognize an equitable right of redemption which may be imposed by a court to return parties to their pre-foreclosure positions as a condition to the setting aside of an irregularly conducted foreclosure sale. *Kennon v. Camp,* 353 S.W.2d 693, 695 (Mo.1962). Such a situation has not been suggested here.