

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| DAVE R. WILLIAMS and CANDICE J. WILLIAMS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| vs. | ) ) | No. SD33364 |
| HSBC BANK USA, N.A., | ) ) | **Filed: April 14, 2015** |
| Defendant-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

**AFFIRMED**

Dave R. Williams ("Mr. Williams") and his wife Candice J. Williams ("Mrs. Williams") (collectively "Appellants") appeal from the trial court's grant of summary judgment in favor of HSBC Bank USA, N.A. ("HSBC"). Appellants raise eleven points on appeal. We disagree with their arguments and affirm the trial court's judgment.

## Factual and Procedural Background

In 2007, Appellants obtained a loan to purchase a home and signed a deed of trust on the property securing repayment of the loan. Shortly thereafter, Appellants learned the servicing of the loan had been transferred to HSBC.

Beginning in 2008, Appellants failed to make payments on the loan. On July 8, 2009, HSBC sent a letter to Mr. Williams informing him the loan was in default in the amount of $25,171.28. HSBC appointed Milsap & Singer, P.C. ("the successor trustee") as successor trustee under the deed of trust.

During the fall of 2009, Appellants discussed a loan modification with HSBC. However, on October 16, 2009, Appellants received a letter from HSBC informing them their request for assistance was denied. Around the same time, the successor trustee sent Appellants a notice of trustee's sale.

On November 3, 2009, the successor trustee conducted a foreclosure sale. Appellants were not current on their mortgage payments and did not attend the foreclosure sale.[1] On November 4, 2009, the successor trustee recorded a Successor Trustee's Deed Under Foreclosure that listed CIBM HSBC Bank USA ("CIBM") as the grantee.

On November 17, 2009, HSBC's attorneys sent Appellants a notice to vacate by certified mail.[2] Appellants did not vacate the property. Instead, Appellants continued to discuss the situation with HSBC's representatives. At no time did Appellants ever tender full payment of the amount due under the note.[3]

On December 4, 2009, CIBM sued Appellants for unlawful detainer. During the course of that lawsuit, the parties discovered CIBM was not a legal

---

[1] This fact is deemed admitted because Appellants did not accompany their denial with "specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2). All Rule references are to Missouri Court Rules (2014).

[2] This fact is deemed admitted because Appellants did not accompany their denial with "specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2).

[3] This fact is deemed admitted because Appellants did not accompany their denial with "specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2).

entity. Thus, that suit for unlawful detainer was dismissed. HSBC filed a corrected Successor Trustee's Deed Under Foreclosure which listed HSBC as the grantee instead of CIBM.[4] Meanwhile, Appellants sued HSBC alleging several counts. On March 7, 2011, HSBC sued Appellants in unlawful detainer.

Ultimately, the cases were consolidated, and both parties sought summary judgment regarding the claims raised in Appellants' petition. On March 4, 2014, the trial court entered summary judgment for HSBC and against Appellants on all the counts in Appellants' petition. At the same time, the trial court set HSBC's unlawful detainer claim for trial. On April 10, 2014, HSBC sought summary judgment on its unlawful detainer claim. The trial court granted HSBC's motion, and Appellants appeal.

## Standard of Review

"Appellate review of summary judgment is *de novo*." ***Roberts v. BJC Health System***, 391 S.W.3d 433, 437 (Mo. banc 2013). That is, "[t]he criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." ***ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993). "Summary judgment is appropriate when the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." ***Roberts***, 391 S.W.3d at 437. Furthermore, a grant of summary

---

[4] This fact is deemed admitted because Appellants did not accompany their denial with "specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2).

3

judgment "can be affirmed on appeal by any appropriate theory supported by the record." *Id.*

## Discussion

Appellants raise numerous points challenging the trial court's grant of summary judgment in favor of HSBC.[5]  For ease of analysis, we address their points out of order.

### *Point III, Point VI, and Point VII:  Quiet Title*

In three points, Appellants challenge the trial court's grant of summary judgment to HSBC on Appellants' claim for quiet title.  These points are based on the theory that the Successor Trustee's Deeds Under Foreclosure were void because the first Successor Trustee's Deed listed CIBM, a nonexistent entity, as the grantee and a void deed cannot be corrected.  All three of these points fail because the undisputed material facts show that by the time those deeds were executed, Appellants had already lost title to the property.

As a defending party on the quiet title claim, HSBC could show a right to judgment as a matter of law by presenting undisputed "facts that negate *any one* of the claimant's elements facts[.]"  *ITT*, 854 S.W.2d at 381.  "A suit to quiet title is a special statutory action to adjudge the respective estates, titles and interests of several claimants to land[.]"  *Sharp v. Crawford*, 313 S.W.3d 193, 199 (Mo. App. S.D. 2010).  In such an action, "the burden of proof is upon each party to prove better title than that of his adversary."  *Id.* (quoting *McCord v. Gates*,

---

[5] After the briefing cycle was complete, Appellants filed a motion to strike the "Introduction" section of HSBC's brief.  Rule 84.04 requires that all factual assertions in a brief be supported by "specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."  Rule 84.04(c); Rule 84.04(e); Rule 84.04(f).  The "Introduction" section of HSBC's brief does not contain specific page references to the record on appeal.  The motion to strike is granted.

159 S.W.3d 369, 374 (Mo. App. W.D. 2004)). "A claimant must prevail on the strength of his own title and not upon any weakness in the title of the other party." *Robertson v. North Inter-River Drainage Dist.*, 842 S.W.2d 544, 546 (Mo. App. S.D. 1992).

In the present case, the undisputed material facts show HSBC had superior title due to the foreclosure sale. "A valid trustee's foreclosure sale transfers all legal and equitable interests in the property to the purchaser at the sale, subject only to a statutory right of redemption if reserved by the debtor as provided by the statute." *In re Tucker*, 290 B.R. 134, 136 (E.D. Mo. 2003) (applying Missouri law). Additionally, "[a] foreclosure sale is complete at the end of the auction." *Id.* at 136-37.

Here, the undisputed material facts show that (1) Appellants were in default at the time of the foreclosure sale, (2) the necessary notices for the foreclosure sale were sent to the primary residence of Appellants, and (3) Appellants did not attend the foreclosure sale. Thus, at the end of the auction, Appellants lost title to the property, and they cannot prove superior title to HSBC by arguing about any errors, alleged or otherwise, in the preparation of the Successor Trustee's Deeds.

In support of their argument to the contrary, Appellants rely primarily on *Allmon v. Gatschet*, 437 S.W.2d 70 (Mo. 1969), for the proposition that a deed to a nonexistent corporation is void. That case is inapposite because title to the real estate in that case depended on the validity of the deed, s*ee id.* at 74, while here title to the real estate depends upon the validity of the foreclosure sale. *See Wells Fargo Bank, N.A. v. Smith*, 392 S.W.3d 446, 462 (Mo. banc 2013).

5

Point III, Point VI, and Point VII are denied.

### *Point II, Point IV, and Point V:  Unlawful Detainer*

In Point II, Point IV, and Point V, Appellants challenge the trial court's grant of summary judgment to HSBC on HSBC's claim for unlawful detainer and its associated denial of Appellants' motion for summary judgment on that claim.[6] The arguments are essentially the same as those made in the quiet title points. We disagree with the arguments raised in these points.

HSBC was the claimant in the unlawful detainer action.  Thus, to obtain summary judgment, it had to show "that there is no genuine dispute as to those material facts upon which [HSBC] would have had the burden of persuasion at trial." *ITT*, 854 S.W.2d at 381.  "An action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property." *Federal Nat. Mortg. Ass'n. v. Wilson*, 409 S.W.3d 490, 495 (Mo. App. E.D. 2013); § 534.030.1, RSMo Cum. Supp. (2014).  Where such a claim is based on foreclosure, the elements the claimant must prove are:  "(1) that the property was purchased at a foreclosure sale, (2) the defendant received notice of the foreclosure, and (3) the defendant refused to surrender possession of the property." *Wilson*, 409 S.W.3d at 495. Additionally, "in such cases, the foreclosure purchaser's right to possession is

---

[6] Although the general rule is that "[d]enial of a motion for summary judgment does not present an appealable issue[,]" *Bolivar Insulation Co. v. Bella Pointe Dev., L.L.C.*, 166 S.W.3d 610, 614 (Mo. App. S.D. 2005), there is an exception to this where a denial of a motion for summary judgment may be reviewed if the issues it presents are intertwined with a converse motion for summary judgment which was granted. *Seay v. Jones*, 439 S.W.3d 881, 887 (Mo. App. W.D. 2014).  Here, Appellants present essentially the same argument in support of Point V as they present in support of Point II—that the first Successor Trustee's Deed Under Foreclosure was void and could not be corrected.  Thus, it is appropriate to review the claim.

based upon the *fact* of the sale as demonstrated by the deed, not on the ultimate validity of the title that the deed reflects." **Smith**, 392 S.W.3d at 462.

In the present case, there is no dispute regarding each of the essential elements of HSBC's claim for unlawful detainer. In their response to HSBC's statement of undisputed material facts, Appellants admitted that the foreclosure sale occurred and that they did not vacate the property. Although they purported to challenge HSBC's statement that they received notice of the sale via certified mail, that statement was deemed admitted because Appellants did not cite to the discovery or affidavits in support of their denial. *See* Rule 74.04(c)(2) ("A response that does not comply with this Rule 74.04(c)(2) . . . is an admission of the truth of that numbered paragraph.").

Point II, Point IV, and Point V are denied.

### Point XI: Jury Trial Right

In Point XI, Appellants argue the grant of summary judgment on HSBC's unlawful detainer claim was error because it denied Appellants their right to trial by jury as guaranteed by Article I, Section 22(a) of the Missouri Constitution. We disagree.

Article I, Section 22(a) of the Missouri Constitution provides "[t]hat the right of trial by jury as heretofore enjoyed shall remain inviolate[.]" Determining whether a statutory provision violates this constitutional mandate requires a two-part analysis. **Watts v. Lester E. Cox Medical Centers**, 376 S.W.3d 633, 637-38 (Mo. banc 2012). First, the court must determine whether the claim falls within the scope of the jury right as it existed when Missouri became a state. **Id.**

7

at 638. Next, the court must determine whether the right remains free from change. *Id.*

Under this framework, permitting summary judgment in an unlawful detainer action does not violate the right to jury trial as it existed when Missouri became a state. In unlawful detainer actions, "[e]ither party shall have the right to a jury trial if a timely request therefore is made as in other civil cases." § 534.160, RSMo (2000). The inclusion of the language "as in other civil cases" indicates that, despite the fact that unlawful detainer is a summary proceeding with special rules, meaningful guidance may be drawn from other civil actions where a party has argued summary judgment violated the Missouri constitutional right to jury trial. In ordinary civil cases, when the requirements of Rule 74.04 are met, a grant of summary judgment does not violate the Missouri constitutional right to a jury trial. *Community Fin. Credit Union v. Lind*, 344 S.W.3d 875, 878 (Mo. App. S.D. 2011). As discussed above, the grant of summary judgment was proper in this case. There was no violation of Appellants' right to a jury trial.

Point XI is denied.

### *Point I: Missouri Merchandising Practices Act*

In their first point, Appellants argue the trial court erred in granting summary judgment with respect to their Missouri Merchandising Practices Act ("the MMPA") claim. We disagree.

As a defending party on the MMPA claim, one way HSBC could show a right to judgment as a matter of law was to show undisputed facts which "negate *any one* of the claimant's elements facts[.]" *ITT*, 854 S.W.2d at 381. The MMPA

8

makes it unlawful to use unfair or deceptive practices "in connection with" the sale of merchandise, including services. ***Watson v. Wells Fargo Home Mortg., Inc.***, 438 S.W.3d 404, 407 (Mo. banc 2014). In a private cause of action under the MMPA, "a plaintiff must demonstrate that she: (1) purchased merchandise (which includes services) from the defendants (2) for personal, family, or household purposes and (3) suffered an ascertainable loss of money or property (4) as a result of an act declared unlawful under section 407.020." ***Edmonds v. Hough***, 344 S.W.3d 219, 223 (Mo. App. E.D. 2011).

The MMPA claim in this case was based on an alleged representation made while Appellants negotiated with HSBC for a forbearance or loan modification. However, the undisputed facts show Appellants will not be able to prove an ascertainable loss caused by that alleged representation as required by the statute and its associated case law. An ascertainable loss is a necessary element of a claim under the MMPA. *See **Roberts***, 391 S.W.3d at 438. Moreover, "a plaintiff's *loss* should be a result of the defendant's unlawful practice[.]" ***Plubell v. Merck & Co., Inc.***, 289 S.W.3d 707, 714 (Mo. App. W.D. 2009).

Appellants suggest they suffered an ascertainable loss in the form of losing their home to foreclosure. While it is true that such a loss may be the basis for an MMPA claim, *see **In re Shelton***, 481 B.R. 22 (W.D. Mo. 2012) (applying Missouri law), the undisputed material facts show HSBC's alleged violations did not cause the loss. The foreclosure occurred because Appellants had not paid their mortgage in several months. Nothing about any representations made during the negotiation for a forbearance agreement or loan modification changed

9

that fact, especially considering the undisputed fact that Appellants never accepted the offered forbearance agreement.

Point I is denied.[7]

### *Point VIII: Abuse of Process*

In their eighth point, Appellants argue the trial court erred in granting summary judgment to HSBC on Appellants claim of abuse of process. We disagree.

Again, on this claim HSBC was a defending party, so one way HSBC could show a right to judgment as a matter of law was to show undisputed facts which "negate *any one* of the claimant's elements facts[.]" *ITT*, 854 S.W.2d at 381. The elements of a claim of abuse of process are: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. banc 1990). "The essence of a claim for abuse of process is the use of process for some collateral purpose." *Jenkins v. Revolution Helicopter Corp., Inc.*, 925 S.W.2d 939, 945 (Mo. App. W.D. 1996). Thus, "[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if

---

[7] Appellants also filed a motion for attorney fees on appeal in connection with the MMPA claim. *See* § 407.025.1, RSMo (2000). Under the plain language of the statute attorney's fees may be awarded only to a prevailing party. *Id.* A "prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Matthes v. Wynkoop*, 435 S.W.3d 100, 111 (Mo. App. W.D. 2014) (quoting Black's Law Dictionary 1232 (9th ed. 2009)) . Appellants did not obtain a judgment in their favor on their MMPA claim. The motion for attorney fees is denied.

he knowingly brought suit upon an unfounded claim." *Id.* (quoting ***Wells v. Orthwein***, 670 S.W.2d 529, 532 (Mo. App. E.D. 1984)).

Here, the petition in both the first unlawful detainer action and in the second unlawful detainer action sought possession of the property. There is nothing in the summary judgment record indicating HSBC ever sought anything else. The arguments Appellants raise about the Successor Trustee's Deeds Under Foreclosure do not change the goal of the litigation.

Point VIII is denied.

### Point IX:  Sec. 514.205 Claim

In their ninth point, Appellants argue it was error to grant summary judgment to HSBC on their claim for sanctions for unfounded pleadings, motions, and papers. We disagree.

In their petition and their brief, Appellants cited Section 514.205 in support of their claim for damages for frivolous proceedings. That statute is generally treated as interchangeable with Rule 55.03(d). ***Bothe v. Bothe***, 266 S.W.3d 321, 328 n.11 (Mo. App. E.D. 2008). A request for sanctions under these authorities is almost universally brought by motion in an already pending action. *See, e.g.*, ***id.*** at 328; ***Robin Farms, Inc. v. Bartholome***, 989 S.W.2d 238, 241 (Mo. App. W.D. 1999). In fact, a request for sanctions under Rule 55.03(d) will be properly denied if the request is asserted as a counterclaim rather than in a separate motion for that purpose. ***Ingram v. Horne***, 785 S.W.2d 735, 739 (Mo. App. S.D. 1990). The procedural requirements of Rule 55.03(d) are strictly interpreted and violations thereof are sufficient reason for denying a request for sanctions. ***Williams v. Frymire***, 186 S.W.3d 912, 923 (Mo. App. S.D. 2006)

(affirming the denial of a request for sanctions because the request was not made in a separate motion); ***Fuller v. Moore***, 356 S.W.3d 287, 292 (Mo. App. E.D. 2011) (affirming the denial of a request for sanctions because the request was not made in a separate motion). Appellants do not cite any authority permitting the filing of an independent action for damages under Section 512.205.

Point IX is denied.

### *Point X: Negligent Misrepresentation*

In their tenth point, Appellants argue it was error to grant summary judgment to HSBC on Appellants' negligence claim. We disagree.

On the negligence claim, HSBC was a defending party. Thus, one way HSBC could show a right to judgment as a matter of law was to show undisputed facts which "negate *any one* of the claimant's elements facts[.]" ***ITT***, 854 S.W.2d at 381. The essential elements of a claim for negligent misrepresentation are:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

***Coverdell v. Countrywide Home Loans, Inc.***, 375 S.W.3d 874, 884 (Mo. App. S.D. 2012).

In support of their claim, Appellants rely on two sets of alleged misrepresentations. First, they discuss numerous letters they received prior to the foreclosure which informed them of possible loan modifications and programs to assist them in saving their home. Second, they cite the November

12

2009 letter they received after the foreclosure which offered them a forbearance agreement. The first set of letters was not a representation of fact upon which Appellants were entitled to rely, and the undisputed material facts show they did not rely on the post-foreclosure letter to sign a forbearance agreement.

Mere predictions about future behavior are typically not sufficient to meet the first element of a claim for negligent misrepresentation. *See **Massie v. Colvin***, 373 S.W.3d 469, 472 (Mo. App. S.D. 2012). The statements in the first group of letters were mere predictions and statements of intent. The letters indicated HSBC wanted to help salvage the loan, but made no affirmative representation regarding Appellants eligibility for such programs. The letters discussed attempts to find a "possible alternative" but the letters made no guarantees. As such, the statements were not the type which may form the basis for a claim of negligent misrepresentation.

As for the post-foreclosure letter, it is clear Appellants did not rely on it in taking or failing to take any actions. "The test of whether a plaintiff relied upon a misrepresentation is simply whether the representation was a material factor influencing final action." ***Stein v. Novus Equities Co.***, 284 S.W.3d 597, 603 (Mo. App. E.D. 2009) (quoting ***Grossoehme v. Cordell***, 904 S.W.2d 392, 397 (Mo. App. W.D. 1995)). Because of the requirement of reliance, a claim of negligent misrepresentation will not be successful where the plaintiff took the action which caused the damage before hearing the alleged misrepresentation, ***Coverdell***, 375 S.W.3d at 885, or where the plaintiff did not take any action or refrain from taking any action based on the representation, ***Stein***, 284 S.W.3d at 603.

Here, although the letter made a representation that the foreclosure would be reevaluated if Appellants complied with the terms of the forbearance agreement, Appellants did not enter into the forbearance agreement. By their own admission they did not sign the agreement or make any payments under the agreement. Furthermore, by the time they received that communication, the event about which they complain, the foreclosure, had already taken place. Consequently, even if the statements in the post-foreclosure letter were negligently made, Appellants could not succeed on this claim because the uncontradicted material facts negate the element of reliance.

Point X is denied.

## Decision

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DON E. BURRELL, J. – CONCURS

14