BOARD OF MANAGERS OF 6226 NORTHWOOD CONDOMINIUM ASSOCIATION, an Unincorporated Association, Respondent,

v.

Imogene M. DWYER, Appellant.

No. ED 103665

Missouri Court of Appeals,
Eastern District,
Division One.

Filed: June 28, 2016

Motion for Rehearing and/or Transfer to Supreme Court Denied
August 15, 2016

Application for Transfer Denied
Nov. 1, 2016

John D. Wiley, 105 Courtney Lane, P.O. Box 390, Crane, MO 65633, for Appellant.

Robert E. Jones, 130 S. Bemiston, Suite 200, Clayton, MO 63105, for Respondent.

Before: Robert G. Dowd, Jr., P.J. and Mary K. Hoff and Roy L. Richter, JJ.

## MEMORANDUM DECISION

### PER CURIAM

Imogene Dwyer appeals from the summary judgment entered on a petition filed against her for unlawful detainer by The Board of Managers of 6226 Northwoods Condominium ("the Board").

The Board filed a motion for summary judgment asserting the following as uncontroverted facts: Dwyer owned a condominium unit at 6226 Northwoods; the Board successfully purchased her unit at a sheriff's sale and, pursuant to the sheriff's deed of sale, obtained title thereto; and that Dwyer willfully refused to relinquish possession of the unit. Each of these facts was supported by reference to the petition, an affidavit and the deed of sale. The deed of sale indicates that the sale was pursuant to a 2014 judgment entered against Dwyer and in favor of the Board, which enforced a lien the Board had filed on the unit after Dwyer's failure to pay assessments under her condominium agreement.

Dwyer admitted some of these facts and denied others, but without any specific reference to the discovery, exhibits or affidavits as required by Rule 74.04(c)(2). "A denial may not rest upon the mere allegations or denials of the party's pleading." Rule 74.04(c)(2). Therefore, all of those facts were deemed admitted. *Id.* Dwyer set forth an additional "controverted fact" claiming she did not receive adequate notice and demand for possession, but that was also not supported by any reference to the pleadings, discovery, exhibits or affidavits. *See* Rule 74.04(c)(2). The Board replied that Dwyer had actually received all the notice to which she was entitled—both of the sale and of the unlawful detainer petition—with supporting affidavits and copies of the notices.

Dwyer's responses and her unsupported additional fact was insufficient to show that there was a genuine issue regarding notice or otherwise defeat summary judgment in this case. *See* Rule 74.04(c)(2); *see also Williams v. HSBC Bank USA,* 467 S.W.3d 836, 842 (Mo.App.S.D.2015). Because Dwyer admitted the elements of the unlawful detainer claim—that the Board was lawfully entitled to possession and that Dwyer willfully retained possession—summary judgment was appropriate here. No error of law appears, and we affirm the judgment is affirmed under Rule 84.16(b). An extended opinion would have no precedential value.

AFFIRMED.