In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

DANIELLE GOSER, ) No. ED109244
 )
 Respondent, ) Appeal from the Circuit Court
 ) of Jefferson County
vs. )
 ) Honorable Jeffrey T. Coleman
DAVID BOYER, )
 )
 Appellant. ) FILED: September 14, 2021
 )

 Introduction

 This appeal addresses the legal requirements to obtain immediate possession of real

property through the limited statutory remedy of unlawful detainer. David Boyer (“Boyer”)

appeals from the trial court’s judgment granting unlawful detainer to Danielle Goser (“Goser”)

for possession of certain property (the “Property”) following a sheriff’s sale. In his sole point on

appeal, Boyer argues the trial court erred in granting Goser unlawful detainer under Section

534.0301 because Goser failed to satisfy the class requirements of the statute. The record before

us does not involve a foreclosure on a mortgage or deed of trust. Nor does the record show that

Goser ever had possession of the Property prior to filing her petition for unlawful detainer.

Given these facts, Goser does not meet the statutory requirements to bring an action for unlawful

1
 All Section references are to RSMo (2016), unless otherwise indicated.
detainer under Section 534.030.1. Accordingly, we reverse the judgment of the trial court and

remand for the trial court to enter judgment consistent with this opinion.

 Factual and Procedural History

 This action concerns real property sold at a sheriff’s sale following execution on a

judgment. Boyer and other named defendants resided at the Property. In a separate action of

which the trial court took judicial notice, Coles Lake Trustees, Inc. (the “Trustees”) filed an

action to recover money owed for maintaining the subdivision’s private streets. The Trustees

secured a default judgment against several property owners, resulting in a money judgment

against Boyer.2 The Trustees executed on the judgment and levied against the Property. The

record indicates a deputy personally served Boyer with notice of the upcoming sheriff’s sale.

Subsequently, a sheriff’s sale was conducted through a public auction.

 Goser, who lives next door to the Property, purchased the Property at the sheriff’s sale on

June 10, 2020, in accordance with the notice of sale. Jefferson County then executed and

recorded a sheriff’s deed naming Goser as grantee.

 After purchasing the Property at the sheriff’s sale, Goser sent notice of termination of

tenancy to Boyer on June 17. The notice informed Boyer that Goser was the new owner of the

Property, and that Boyer had ten days to vacate the premises. The notice further stated that if

Boyer failed to vacate the property by July 1, Goser would file an eviction lawsuit seeking a

court order or judgment to remove him and the other defendants from the Property. Boyer did

not file for an exemption or otherwise challenge the sheriff’s sale. Boyer did not vacate the

Property.

2
 Boyer moved to set aside the default judgment in that case, but the trial court denied the motion.

 2
 Goser then petitioned for unlawful detainer seeking possession of the Property.

Following a bench trial on September 16, 2020, the trial court entered judgment awarding

possession of the Property to Goser and ordering all other occupants to vacate the Property.

 Boyer moved for relief from judgment and to quash execution. Relevant to this appeal,

Boyer argued that Goser pursued the wrong remedy against him. Boyer posits that Goser should

have brought an ejectment action against him because she did not satisfy the statutory

requirements for unlawful detainer. The parties briefed the issues and argued their positions at a

motion hearing. The trial court then denied Boyer’s motions. This appeal follows.3

 Point on Appeal

 In his sole point on appeal, Boyer argues the trial court erred in granting Goser a

judgment of unlawful detainer because Section 534.030 does not provide a remedy for sheriff’s

sale purchasers who did not have prior possession of the property acquired. Boyer maintains

either the trial court erred by not sua sponte dismissing the action for lack of subject matter

jurisdiction or erred in denying Boyer’s post-judgment motion for relief from judgment for lack

of jurisdiction. Boyer contends an action for unlawful detainer does not lie under the facts of this

case, in which a third-party purchased the property at a sheriff’s sale following an execution on a

money judgment. Specifically, Boyer argues that the plain language of Section 534.030 provides

a statutory remedy to non-prior-possessors only following a foreclosure on a mortgage or deed of

trust.

3
 Goser moved to dismiss the appeal, asserting Boyer lacked the statutory right to appeal a judgment of unlawful
detainer directly to this Court. We denied the motion pursuant to Section 512.180, RSMo (Cum. Supp. 2019). See
Reynolds v. Robben, 589 S.W.3d 676, 678 (Mo. App. E.D. 2019).

 3
 Standard of Review

 In appeals from actions for unlawful detainer, our standard of review is the same as in

other court-tried civil cases. We will affirm the trial court’s judgment “unless there is no

substantial evidence to support it, unless it is against the weight of the evidence, unless it

erroneously declares the law, or unless it erroneously applies the law.” Kocina v. Johannes, 505

S.W.3d 474, 476 (Mo. App. W.D. 2016) (quoting Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.

banc 1976)). “We review [the] evidence in the light most favorable to the prevailing party,

giving that party the benefit of all reasonable inferences and disregarding contrary evidence and

inferences.” Fed. Nat’l Mortg. Ass’n. v. Wilson, 409 S.W.3d 490, 494 (Mo. App. E.D. 2013)

(internal citation omitted). “We defer to the trial court’s factual findings because the trial court

is in a superior position to assess credibility.” Id. (internal citation omitted).

 However, we review matters of statutory interpretation and the application of the statute

to specific facts de novo as a matter of law without deference to the trial court. Belden v.

Belden, 389 S.W.3d 717, 722 (Mo. App. S.D. 2012) (internal citation omitted).

 Discussion

 Boyer argues that the facts of the case do not satisfy any statutory criteria that would

allow Goser to bring an action for unlawful detainer under Section 534.030.4

4
 Boyer incorrectly frames the statutory standing question as one of subject matter jurisdiction. “Standing asks
whether the persons seeking relief have the right to do so.” State ex rel. Deutsche Bank Nat’l Tr. Co. v.
Chamberlain, 372 S.W.3d 24, 29 (Mo. App. W.D. 2012) (internal quotation omitted). “A legally protectable interest
exists if . . . plaintiff’s interest is conferred by statute.” Id. (omission in original) (quoting State ex rel. Kansas City
Power & Light Co. v. McBeth, 322 S.W.3d 525, 530 (Mo. banc 2010)). “In the case of unlawful detainer, the right
to seek relief, and thus the ‘standing’ to seek relief, is defined by statute.” Id. Contrastingly, subject matter
jurisdiction is a matter of “the court’s authority to render a judgment in a particular category of case” as governed by
Article V, Section 14 of Missouri’s Constitution. J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 253 (Mo.
banc. 2009). “Prior to [Webb], standing was often referred to in terms of jurisdiction or, more specifically, subject
matter jurisdiction.” Bray v. Lee, 620 S.W.3d 278, 281 (Mo. App. E.D. 2021) (internal citation omitted). The
Supreme Court of Missouri has made clear that whether a party has standing under a particular statute to bring a
particular cause of action is not jurisdictional but rather “better understood as a matter of justiciability, that is, of a
court’s authority to address a particular issue when the party suing has no justiciable interest in the subject matter of
the action.” Id. (internal citation omitted).

 4
 “An action for unlawful detainer is a limited statutory action where the sole issue to be

decided is the immediate right of possession to a parcel of real property.” Wilson, 409 S.W.3d

at 495 (emphasis added) (internal citation omitted); see also Williams v. HSBC Bank USA,

N.A., 467 S.W.3d 836, 841 (Mo. App. S.D. 2015) (citing Wilson, 409 S.W.3d at 495). “In the

case of unlawful detainer, the right to seek relief, and thus the ‘standing’ to seek relief, is defined

by statute.” State ex rel. Deutsche Bank Nat’l Tr. Co. v. Chamberlain, 372 S.W.3d 24, 29 (Mo.

App. W.D. 2012). Section 534.030.1 confers standing to bring an action for unlawful detainer

on the following classes:

 [1] When any person willfully and without force holds over any lands, tenements
 or other possessions, after the termination of the time for which they were demised
 or let to the person, or the person under whom such person claims;

 [2] or after a mortgage or deed of trust has been foreclosed and the person has
 received written notice of a foreclosure;

 [3] or at least ten business days have elapsed after the date of the notice described
 in subsection 3 of this section;

 [4] or when premises are occupied incident to the terms of employment and the
 employee holds over after the termination of such employment;

 [5] or when any person wrongfully and without force, by disseisin, shall obtain and
 continue in possession of any lands, tenements or other possessions, and after
 demand made, in writing, for the delivery of such possession of the premises by the
 person having the legal right to such possession, or the person’s agent or attorney,
 shall refuse or neglect to vacate such possession, such person is guilty of an
 “unlawful detainer”.

Section 534.030.1 (numbered spacing added for clarity).

 The distinct classes enumerated in Section 534.030.1, each with their unique and

individual requirements, developed over time. “From the earliest days of the common law, a

party entitled to possession of real property might use self-help, including force, to oust anyone

wrongfully in possession.” Wells Fargo Bank, N.A. v. Smith, 392 S.W.3d 446, 453 (Mo. banc

 5
2013) (internal citation omitted). Because such use of force was socially disruptive, unlawful

detainer developed to provide peaceful judicial means to oust a defendant who “began

possession lawfully but remained on the land wrongfully after their possessory right ended.” Id.

at 454. “From its inception, Missouri’s unlawful detainer statute incorporated the substantive

limitations of such actions that had been a part of the original writ.” Id.

 In each of the 1997 and 2009 amendments to Section 534.030, “the legislature has

inserted a new class of defendant into the text, with minimal structural changes.” Wilson, 409

S.W.3d at 498. “In 1997, the legislature added a fourth class—those who willfully and without

force hold over lands, tenements or other possessions after a mortgage or deed of trust has been

foreclosed, and who have received written notice of the foreclosure.” P.M. Constr. Servs., Inc. v.

Lewis, 26 S.W.3d 284, 288 (Mo. App. W.D. 2000). The 2009 amendment expanded the

foreclosure class to also apply when “at least ten business days have elapsed after the date of the

notice in subsection 3 of this section[,]” concerning notice requirements “[i]n any case where a

foreclosed property is occupied prior to the foreclosure[.]”

 Following the 1997 and 2009 amendments, Section 534.030 now reflects five distinct

classes of defendants in unlawful detainer actions: “(1) holdover tenants; (2) holdover borrowers;

(3) holdover tenants of foreclosed properties; (4) holdover employees; and (5) intruders [also

known as the wrongful possession class]” Wilson, 409 S.W.3d at 496; see also Kocina, 505

S.W.3d at 477 (citing P.M. Constr., 26 S.W.3d at 288) (grouping together the two foreclosure

classes to count a total of “four distinct scenarios under which a person is guilty of unlawful

detainer—the holdover tenant class, the foreclosure class, the holdover employee class, and the

wrongful possession class”).

 6
 Here, Boyer maintains that Goser lacks standing to bring her action for unlawful detainer

under any of the classes outlined in Section 534.030.1. Thus, the trial court erred in granting

Goser a judgment of unlawful detainer. Goser counters that the judgment of unlawful detainer

was proper because she has standing under either the foreclosure or intruder classes of Section

534.030.1.

I. Goser Lacks Standing Under Section 534.030.1’s Foreclosure Class

 Boyer first challenges Goser’s alleged standing under Section 534.030.1’s foreclosure

class because no foreclosure occurred. The record contains undisputed evidence that Goser

purchased the Property at a sheriff’s sale following the Trustees’ execution on a money

judgment. Goser did not acquire the Property through a foreclosure on a mortgage or deed of

trust. Goser seeks to analogize the execution sale to a “foreclosure factual situation.” In other

words, Goser suggests the facts of a sheriff’s sale are sufficiently similar to a typical foreclosure

situation that Section 534.030.1’s foreclosure class should be broadly interpreted to include all

sheriff’s sales. Alternatively, Goser maintains that the 1997 and 2009 statutory amendments

created a fifth class requiring only ten-day notice for unlawful detainer, separate and distinct

from the foreclosure class.

 Goser’s argument, though presenting a logical analogy, fails under the plain language of

Section 534.030.1. “The primary rule of statutory construction is to ascertain the intent of the

legislature from the language used, to give effect to that intent if possible, and to consider words

used in the statute in their plain and ordinary meaning.” Howard v. City of Kan. City, 332

S.W.3d 772, 779 (Mo. banc 2011) (internal quotation omitted). “There is no need to resort to

statutory construction to create an ambiguity where none exists.” Belden, 389 S.W.3d at 722

(quoting State v. Moore, 303 S.W.3d 515, 521 (Mo. banc 2010)) (affirming an execution and

levy on a property where the judgment debtor failed to claim the homestead exemption under the
 7
plain language of Section 513.445.2). Additionally, “[i]n construing a statute, courts cannot add

statutory language where it does not exist; rather, courts must interpret the statutory language as

written by the legislature.” Peters v. Wady Indus., Inc., 489 S.W.3d 784, 792 (Mo. banc 2016)

(internal quotation omitted).

 The plain language of Section 534.030.1 specifies unlawful detainer as a remedy in the

foreclosure class only following a foreclosure. Specifically, a petitioner may bring an action for

unlawful detainer “after a mortgage or deed of trust has been foreclosed and the person has

received written notice of a foreclosure; or at least ten business days have elapsed after the date

of the notice described in subsection 3 of this section[.]” Section 534.030.1 (emphasis added).

Subsection 3 refers to “[t]he notice required in subsection 2” which applies “[i]n any case where

a foreclosed property is occupied prior to the foreclosure[.]” Section 534.030.2–3 (emphasis

added). These two groups are referred to as holdover borrowers and holdover tenants of

foreclosed properties. See Wilson, 409 S.W.3d at 496; see also Kocina, 505 S.W.3d at 477

(citing P.M. Constr., 26 S.W.3d at 288). “[S]tanding is statutorily conferred upon the purchaser

of property at a foreclosure sale by [S]ection 534.030.1[,] which defines unlawful detainer to

include maintaining possession despite having been informed that a ‘deed of trust has been

foreclosed.’” Chamberlain, 372 S.W.3d at 29. “Thus, the grantee under a trustee’s deed has

statutorily conferred standing to assert the remedy of unlawful detainer as a matter of law.” Id.

“Where such a claim [of unlawful detainer] is based on foreclosure, the elements the claimant

must prove are: ‘(1) that the property was purchased at a foreclosure sale, (2) the defendant

received notice of the foreclosure, and (3) the defendant refused to surrender possession of the

property.’” Williams, 467 S.W.3d at 841 (quoting Wilson, 409 S.W.3d at 495); JP Morgan

Chase Bank v. Tate, 279 S.W.3d 236, 239 (Mo. App. E.D. 2009); see also Cmty. Bank of

 8
Raymore v. Patterson Oil Co., Inc., 463 S.W.3d 381, 386 (Mo. App. W.D. 2015) (affirming

summary judgment of unlawful detainer where it was undisputed that the petitioner bank

purchased the property at a foreclosure sale).

 Given the clear dictates of the statutory language, Goser lacks standing to bring an

unlawful-detainer action under Section 534.030.1’s foreclosure class because Goser did not bring

her action “after a mortgage or deed of trust has been foreclosed[,]” nor gave notice “where a

foreclosed property [wa]s occupied prior to the foreclosure[.]” See Section 534.030.1–3;

Chamberlain, 372 S.W.3d at 29; see also Williams, 467 S.W.3d at 841 (quoting Wilson, 409

S.W.3d at 495); Cmty. Bank of Raymore, 463 S.W.3d at 386; Tate, 279 S.W.3d at 239. We

reject Goser’s contention that either the sale was a foreclosure factual situation or that the ten-

day notice provision for tenants of foreclosed properties established a new class lacking the

perquisite of a foreclosure. The record shows Goser brought her unlawful-detainer action after

purchasing the Property at a sheriff’s sale following the Trustees’ execution on a money

judgment and after notifying Boyer to vacate the Property. Notwithstanding the similarity in the

circumstances under which property is obtained, i.e., failure to pay a debt, the simple fact

remains that this matter does not involve a foreclosure on a mortgage or deed of trust. Under the

express terms of Section 534.030.1–3, Boyer was neither a holdover borrower nor a residential

tenant of a foreclosed property. Therefore, Goser cannot meet the first element to prevail on a

claim of unlawful detainer against a holdover borrower or tenant of a foreclosed property by

showing “the property was purchased at a foreclosure sale[.]” See Williams, 467 S.W.3d at 841

(quoting Wilson, 409 S.W.3d at 495); Tate, 279 S.W.3d at 239.5

5
 Goser also directs us to an unreported decision in the United States District Court for the Western District of
Missouri granting a motion to dismiss an action for malicious prosecution alleging purchasers at a foreclosure sale
lacked probable cause to bring an action for unlawful detainer. See Herrera v. Wells Fargo Bank, No. 4:14-CV-
00066-NKL, 2014 WL 1831050, at *1–2 (W.D. Mo. May 8, 2014). Herrera reiterated the elements to bring an

 9
 Goser characterizes the sheriff’s sale as a “foreclosure factual situation.” Despite the

seeming similarities of conduct which may lead to auctions of property on the courthouse steps,

foreclosures and executions on judgments are distinct and different creatures of law. See Rule

76 (Executions);6 RSMo Chapter 443 (Mortgages, deeds of trusts and mortgage brokers); RSMo

Chapter 513 (Executions). Chapter 513 governs executions and authorizes a sheriff to sell “[a]ll

real estate whereof the defendant, or any person for his use, was seized, in law or equity, at the

time of the issue and levy of the attachment, or rendition of the judgment, order or decree

whereon execution was issued[.]” Section 513.090; see, e.g., Sections 513.010, .015, .020; see

also Rule 76.11 (authorizing the sheriff executing on real property to sell parcels of the real

estate sufficient to satisfy a judgment). Chapter 443 governs foreclosures on mortgages and

deeds of trust. See, e.g., Section 443.410 (“Deeds of trust in the nature of mortgages of lands

may, in addition to being forecloseable by suit, be also foreclosed by trustee’s sale at the option

of the holder of the debt[.]”). Goser fails to persuade us that the legislature intended that these

two distinctive legal processes—(1) an execution sale following a money judgment and (2) a

foreclosure sale following foreclosure on a mortgage or deed of trust—be construed as the same

under Section 534.030.1–3, which refers expressly and only to foreclosures.

 We readily acknowledge that the legislature expanded unlawful detainer as a remedy for

third-party purchasers with its statutory amendments. But thus far, this broadening of unlawful

detainer as a remedy was limited to actions only following a foreclosure on a mortgage or deed

of trust. See Section 534.030.1; Chamberlain, 372 S.W.3d at 32 n.13 (noting “[m]any (if not

most) unlawful[-]detainer actions involve a traditional landlord/tenant scenario” but “[e]ven in

unlawful-detainer action, and unlike the facts before us, involved a foreclosure, thereby distinguishing it from the
present case. See id.
6
 All Rule references are to Mo. R. Civ. P. (2020).

 10
the case of foreclosure of a deed of trust, the purchaser at the trustee’s sale need not be the lender

but may instead be a third party unrelated to the underlying loan transaction”). Although Goser

urges us to ignore Section 534.030.1’s express language referring to a mortgage or deed of trust

and to consider her to be a third-party purchaser following the sale of the Property at a

foreclosure-like event, we must give effect to every word in the statute. See USAA Gen. Indem.

Co. v. Prater, 612 S.W.3d 215, 220 (Mo. App. S.D. 2020) (quoting Grain Belt Express Clean

Line, LLC v. Pub. Serv. Comm’n, 555 S.W.3d 469, 473 (Mo. banc 2018) (per curiam)) (“This

Court cannot ignore words in a statute and must give meaning to every word used.”). We cannot

replace the word “foreclosure” with another term, like “sheriff’s sale,” nor may we construe the

word “foreclosure” more broadly than how that term is used by the legislature. The event

referred to as a “foreclosure” is evident in the use of that term throughout Chapter 443, which

concerns foreclosures on mortgages and deeds of trust. See Peters, 489 S.W.3d at 792.

Additionally, Goser does not suggest that the foreclosure language contained within Section

534.030.1 is ambiguous. See id. at 789 (quoting Howard, 332 S.W.3d at 787) (“If the intent of

the legislature is clear and unambiguous, by giving the language used in the statute its plain and

ordinary meaning, then [we are] bound by that intent and cannot resort to any statutory

construction in interpreting the statute.”); Belden, 389 S.W.3d at 722 (citing Moore, 303 S.W.3d

at 521).

 Because the record shows that the Property purchased by Goser at the sheriff’s sale was

not the subject of foreclosure, Boyer was neither a holdover borrower nor a tenant of a

foreclosed property. Accordingly, Goser lacked standing to bring an action for unlawful detainer

under the foreclosure class of Section 534.030.1. See Section 534.030.1–3; Williams, 467

 11
S.W.3d at 841 (quoting Wilson, 409 S.W.3d at 495); Chamberlain, 372 S.W.3d at 29; P.M.

Constr., 26 S.W.3d at 288.

II. Goser Lacks Standing under Section 534.030.1’s Intruder Class

 Boyer next posits that Goser lacks standing to bring an action for unlawful detainer under

the intruder (or wrongful possession) class of Section 534.030.1 because Goser never had prior

possession of the Property. Goser reasons that she meets the prerequisites of the intruder class

because statutory amendments to the unlawful detainer statute wholly eliminated the requirement

that a petitioner under the statute have had possession of the property prior to bringing an

unlawful-detainer action.

 In determining whether a person seeking possession of property as a member of the

intruder class under Section 534.030.1 must plead and prove his or her prior possession of said

property, we again look to the plain language of the statute. See Howard, 332 S.W.3d at 779.

The intruder class provides standing to bring an unlawful detainer action “when any person

wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands,

tenements or other possessions[.]” Section 534.030.1. Important to our analysis, the word

“disseisin” means any wrongful entry without force on the actual possession of another. See

Spalding v. Mayhall, 27 Mo. 377 (1858) (emphasis added). Disseisin is legally defined as “the

act of wrongfully depriving someone of the freehold possession of property; dispossession[.]”

Black’s Law Dictionary (11th ed. 2019) (emphasis added).

 While recognizing that the requirement of prior possession derives from the common law

principle of disseisin, Goser offers P.M. Constr. to argue that the 1997 amendment eliminated the

need to plead and prove prior possession of property in an unlawful-detainer action. In P.M.

Constr., the Court held a third-party purchaser with no prior relationship to the property or its

 12
occupants had standing to bring an unlawful detainer action in a post-foreclosure sale scenario.

26 S.W.3d at 289. Goser’s argument is partially correct in that the legislature dispensed with the

prior possession requirement in the 1997 statutory amendment—but only with regard to the

foreclosure class. See Williams, 467 S.W.3d at 841 (quoting Wilson, 409 S.W.3d at 495);

Chamberlain, 372 S.W.3d at 29; P.M. Constr., 26 S.W.3d at 289. The 1997 amendment to

Section 534.030 created a new class of standing for unlawful-detainer actions: the foreclosure

class. See P.M. Constr., 26 S.W.3d at 289.

 This new language eliminates the need to evaluate these foreclosure cases in the
 context of the “hold-over tenant” or “intruder” classifications. In a foreclosure
 factual situation, a plaintiff will likely never have possession when the action is
 brought. We find that, within this new classification, the legislature has effectively
 eliminated the necessity of prior possession.

Id. (emphases added). Contrary to Goser’s expansive reading, the holding in P.M. Constr. limits

the elimination of prior possession as a prerequisite for unlawful detainer exclusively to the

foreclosure class. See id. As explained in the preceding discussion, Goser does not and cannot

have standing to petition for unlawful detainer under the foreclosure class because the record

clearly shows that Goser’s did not obtain the Property following a foreclosure on either a

mortgage or deed of trust. As previously noted, the plain language of Section 534.030 does not

extend to a purchase at a sheriff’s sale that did not follow a foreclosure on a mortgage or deed of

trust. That leaves Goser with only the intruder class as a possible means of obtaining standing

under Section 534.030.1.

 We find instructive the Western District’s discussion of Quirk v. Sanders, 673 S.W.2d

850 (Mo. App. E.D. 1984), in P.M. Constr. Quirk is a case pre-dating the 1997 amendment. In

Quirk, like here, “the respondent brought an unlawful detainer action against the appellants to

gain possession of property that the respondent had bought at an execution sale.” P.M. Constr.,

 13
26 S.W.3d at 288 (citing Quirk, 673 S.W.2d at 852). The facts before us parallel those in Quirk.

There, the petitioner showed his right of possession because he purchased the property at an

execution sale, received a sheriff’s deed to the property, and made a written demand on the

defendant for possession of that property. Quirk, 673 S.W.2d at 852. As here, the petitioner in

Quirk brought an unlawful-detainer action to seek immediate possession of the property instead

of filing an action for ejectment. See id. As here, the issue in Quirk was whether the facts

supported unlawful detainer as opposed to ejectment, given that “[u]nlawful detainer is a

statutory action intended to give alternative relief to those who otherwise would be forced to an

action in ejectment.” See id. at 853 (internal citation omitted).

 Quirk found the petitioner lacked standing to pursue an action for unlawful detainer

following an execution sale because the petitioner failed to show prior possession. See id. The

petitioner in Quirk, “as the purchaser of the property in question at the execution sale, did not

acquire actual or constructive possession of that property from which he was ‘disseised’ by the

[defendant], [thus] [the petitioner] obtained a right to possession only.” Quirk, 673 S.W.2d at

854. “Because one cannot be ousted unless he is in possession, the Quirk court found that the

legislature, by using the word ‘disseisin,’ intended to confine unlawful detainer to ‘cases where

the plaintiff is in the actual possession of the premises at the time of the entry.’” P.M. Constr.,

26 S.W.3d at 289 (quoting Quirk, 673 S.W.2d at 853).

 Goser argues Quirk is no longer good law in light of the 1997 statutory amendment and

P.M. Constr. We disagree. P.M. Constr. does not grant Goser standing in this unlawful detainer

action because the petitioner in P.M. Constr. brought an unlawful detainer action following a

foreclosure sale. To the contrary, in both this case and in Quirk, the petitioners pursued an

unlawful-detainer action following an execution sale. The Western District further noted the

 14
distinction between foreclosures sales and execution sales by explaining that Quirk “is helpful in

its discussion of unlawful detainer, but is not authoritative . . . as to a mortgage foreclosure . . .

[as] Quirk holds only that a purchaser at an execution sale does not have the subsisting

relationship with the judgment debtor which entitles the purchaser to sue in unlawful detainer.

Such a purchaser is put to ejectment.” Bobbitt v. Ogg, 731 S.W.2d 258, 261 (Mo. App. W.D.

1987) (emphasis in original), superseded by statute; see also Chamberlain, 372 S.W.3d at 29

(explaining how in a foreclosure situation, the grantee under a trustee’s deed has statutorily

conferred standing to assert the remedy of unlawful detainer).

 P.M. Constr. concluded that the foreclosure class created by the 1997 amendments did

not require a showing of prior possession because the statutory language of the amendments

lacked the disseisin language stemming from the fundamental common law principle that was

imbued in the unlawful-detainer statute. See 26 S.W.3d at 289. In contrast, the provision of the

unlawful detainer statute empowering the intruder class to seek immediate possession through

unlawful detainer retains the disseisin language. Section 534.030.1; Section 534.030 (1978).

While the 1997 and 2009 amendments to Section 534.030 added new classes of persons against

whom an unlawful detainer-action could be brought —specifically, the holdover borrower and

the holdover tenant of foreclosed properties—the provision for the intruder class, including its

language of dispossession “by disseisin,” remains unchanged. See Section 534.030.1; Kocina,

505 S.W.3d at 477 (citing P.M. Constr., 26 S.W.3d at 288); Wilson, 409 S.W.3d at 496.

 The purpose of the phrase “by disseisin” in the statutory construction of Section 534.030

consistently has been interpreted to limit unlawful-detainer actions brought under the intruder

class to only those cases where the petitioner had prior possession of the property at issue. See

P.M. Constr., 26 S.W.3d at 289 (citing Quirk, 673 S.W.2d at 853). In other words, the

 15
legislature’s retention of the term “by disseisin” in Section 534.030.1 continues the requirement

of prior possession by persons petitioning for unlawful detainer as a member of the intruder

class. As noted by the Missouri courts, the retention of the term “disseisin” was intended

specifically “to distinguish the circumstances which will authorize this form of action

[unlawful detainer] from those which would compel the party to resort to [] ejectment.” Quirk,

673 S.W.2d at 853 (first alteration in original) (internal quotation omitted); see also Bobbitt, 731

S.W.2d at 261. Given that disseisin implies ouster or dispossession from a prior possession, we

would be strained to presume the legislature eliminated the requirement of prior possession from

the intruder class when the amendments did not eliminate the phrase “by disseisin.” See State ex

rel. Unnerstall v. Berkemeyer, 298 S.W.3d 513, 519 (Mo. banc 2009) (“It is presumed that the

legislature intended that every word, clause, sentence, and provision of a statute have effect.”).

Therefore, although Quirk preceded the statutory amendments to Section 534.030, Goser has not

persuaded us that the post-Quirk legislative revisions allow a different result for third-party

purchasers at a non-foreclosure execution sale.

 Further, requiring prior possession to grant standing for the intruder class but not for the

foreclosure class comports with other preserved, case-critical distinctions among the Section

534.031.1 classes. See, e.g., Espinosa, Tr. of Melissa K. Espinosa Revocable Tr. v. Baker, No.

WD83911, 2021 WL 3158078, at *3 (Mo. App. W.D. July 27, 2021) (finding the defendants

failed to distinguish between the different requirements for the intruder and holdover-tenant

classes); Kocina, 505 S.W.3d at 478 (finding a former tenant’s mother who refused to vacate the

apartment was never in a landlord-tenant relationship with the owner and thus the facts supported

unlawful detainer under the intruder class rather than the holdover-tenant class); P.M. Constr., 26

S.W.3d at 288 (internal citation omitted) (noting the intruder class requires the petitioner of the

 16
unlawful-detainer action to make a written demand for possession, whereas the holdover-tenant

class, with its established landlord-tenant relationship, has no such requirement). Indeed,

“[s]ince the nineteenth century, Missouri courts interpreting the unlawful detainer statute have

unequivocally determined that the written demand requirement should apply only to the intruder

class.” Wilson, 409 S.W.3d at 498 (internal citations omitted). Wilson reasoned that in the

statutory amendments to Section 534.030, “[n]o alteration has occurred in the language

providing that written demand should be given to intruders only.” Id. at 498–99 (holding that

because the defendant was a holdover borrower, not an intruder, she was not entitled to receive

written demand for the property). Just as the statutory amendments did not eliminate

requirement of making written demand within the intruder class, these statutory amendments

similarly did not eliminate the requirement of prior possession within the intruder class. See id.

 We reject Boyer’s argument that the statutory amendments to Section 534.030 altered the

standing requirements of the intruder class by eliminating the requirement for prior possession.

The amendments were enacted for the purpose of creating a new foreclosure class, and in so

doing, addressed the requirement of prior possession for that class alone. See Kocina, 505

S.W.3d at 477 (citing P.M. Constr., 26 S.W.3d at 288); Wilson, 409 S.W.3d at 496. Therefore,

because we find Section 534.030.1’s intruder class requires pleading and proof of prior

possession, and because the record shows that Goser did not have possession prior to bringing

her action for unlawful detainer, Goser was not entitled to a judgment of unlawful detainer under

the intruder class. See P.M. Constr., 26 S.W.3d at 289 (citing Quirk, 673 S.W.2d at 853).

 To be sure, Goser is not without a remedy for Boyer’s alleged wrongful conduct—she is

merely denied the summary remedy of unlawful detainer. Goser may assert her right to

possession by filing an action for ejectment as she could have since the inception of this

 17
litigation. “To make a claim for ejectment, the plaintiff need only show that the defendant was

in possession of premises to which plaintiff had right of possession.” Smith v. Seamster, 36

S.W.3d 18, 20 (Mo. App. W.D. 2000) (internal quotation omitted); see also Quirk, 673 S.W.2d at

853.

 Goser premises her claim for unlawful detainer on either the foreclosure class or intruder

class of Section 534.030.1. Goser lacked standing under either class because there was no

foreclosure on a mortgage or deed of trust on the Property and Goser never possessed the

Property prior to bringing her action for unlawful detainer. See P.M. Constr., 26 S.W.3d at 288–

89 (citing Quirk, 673 S.W.2d at 853). Thus, the trial court erred in granting Goser a judgment of

unlawful detainer and in denying Boyer’s motion for relief from judgment. Kocina, 505 S.W.3d

at 476; Chamberlain, 372 S.W.3d at 29. Point One is granted.

 Conclusion

 The judgment of the trial court is reversed. We remand for the trial court to enter

judgment consistent with this opinion.

 _______________________________
 KURT S. ODENWALD, Judge

Sherri B. Sullivan, C.J., concurs.
Kelly C. Broniec, J., concurs.

 18